JAMES E. FLANIGAN *vs.* HENRY U. SEELYE *et al.*

Submitted on briefs Jan. 6, 1893. Decided April 7, 1893.

**Discharge of Mortgage.**

    A mortgage running to several mortgagees jointly to secure a joint debt may be paid to and released by either mortgagee.

**Tender of Payment.**

    A tender to either is good, and is operative as to the interests of all the mortgagees.

Appeal by plaintiff, James E. Flanigan, from an order of the District Court of Hennepin County, *Pond*, J., made September 26, 1892, denying his motion for a new trial.

The plaintiff is an attorney at law, and as such performed services for Mattie Hewitt. He brought an action against her to recover compensation, and on July 19, 1890, recovered judgment for $454.40. A writ of execution was issued August 25, 1891, and under it, the sheriff levied upon and sold October 5, 1891, to plaintiff, for $525, a large amount of furniture and household goods at Nos. 27 and 29 South Main street, East Minneapolis. The defendant Nettie Seelye owned the house, and she and her husband, the defendant Henry U. Seelye, had formerly owned the goods, but on August 25, 1890, they sold the goods to Mrs. Hewitt, and rented to her the house. Mrs. Hewitt on that day made and delivered to them a mortgage on the goods, to secure the payment of $6,000. There remained unpaid $1,138.22 January 27, 1892, and on that day defendants gave notice of sale of the goods to pay this balance and $50 attorney's fees and the expenses of the sale. Plaintiff thereupon offered to pay the debt and attorney fees and all expenses, and testified that he tendered to Henry U. Seelye $1,300 for that purpose, and that Seelye refused to receive the money and refused to deliver the goods. They were sold February 10, 1892, under a power in the mortgage, and bid in by defendants. Mrs. Hewitt surrendered to the defendants the possession of the house and of the goods. After this sale, plaintiff again demanded the goods of Nettie Seelye, and being refused, brought this

action to recover their value, claiming the tender extinguished the lien of the mortgage. Some of the goods sold on plaintiff's execution were claimed by third parties, merchants who had made sales to Mrs. Hewitt, with the condition that the title should not pass until the price should be paid. At the trial the judge charged the jury that the tender to defendant Henry U. Seelye did not have the effect of discharging the mortgage, and that the refusal of one of two mortgagees to accept the amount due upon the mortgage, did not operate to discharge the interest of the other. The jury returned a verdict for defendants, and the court refused to grant a new trial.

*James E. Markham,* for appellant.

The chattel mortgage was held and owned by the defendants jointly, to secure the payment of a joint debt. Payment could be made to either. As between the mortgagees, he who receives payment is a trustee for the benefit of all who have an interest in the fund; but this does not concern the mortgagor, who may deal with one as representing all. Jones, Mortg. § 958. A tender may always be made to the person who is authorized to receive payment. In general it should be made to the person who has the legal estate and the right to reconvey, or to enter satisfaction of the mortgage. Jones, Mortg. § 896. Even where the mortgage has been assigned, a tender to the original mortgagee, the person apparently entitled to receive payment, will be effectual, unless the person making the tender has actual or constructive notice of the assignment. *Dorkray* v. *Noble,* 8 Me. 278; *Hetzell* v. *Barber,* 6 Hun, 534. The effect of the tender made by the plaintiff to the defendant, Henry U. Seelye, and his refusal to accept the same, was to discharge the lien of the mortgage. *Moore* v. *Norman,* 43 Minn. 428.

*Penney, Jamison & Hayne,* for respondents.

It is claimed by plaintiff that, having succeeded to the rights of the mortgagor, he made a tender of the full amount due on the mortgage to the defendant, Henry U. Seelye, and urges that this was sufficient in law, and discharged the lien of the mortgage.

The proof should be clear that the tender was fairly made, and

deliberately and intentionally refused by the mortgagee, before he is adjudged to have forfeited his lien on the chattels. *Moore* v. *Norman,* 43 Minn. 428; Jones, Mortg. § 900. Nettie Seelye was the owner of the house where the property was located. She rightfully took possession of it after it had been vacated by Mrs. Hewitt. She found this property there. In order to charge her and the defendant Henry U. Seelye with conversion, demand must be shown. But on this point the evidence was conflicting. Plaintiff testified that he made demand, and the defendants that he did not. Under these circumstances this court should not disturb the verdict, so long as the Judge who tried the case is satisfied with it, and refuses a new trial.

VANDERBURGH, J. Defendant Nettie Seelye took possession of premises belonging to her upon the surrender of a lease. In the house thereon was a large amount of personal property, a portion of which belonged to plaintiff, subject to a chattel mortgage running to defendants, Nettie and Henry Seelye, to secure a joint debt due them. Of the balance some belonged to the plaintiff, and some either belonged to or was claimed by third parties.

The evidence tended to prove that before the commencement of the action, and before the foreclosure of the mortgage, the plaintiff tendered the amount due thereon to the defendant Henry U. Seelye, one of the mortgagees, and notified him that he should thereupon claim the property covered thereby, and that he also subsequently made a similar claim and demand of the property from the defendant Nettie Seelye, after the foreclosure, and after she took possession thereunder. We think there was an issue for the jury both as to the tender to Henry U. Seelye and the refusal of the money by him, and the demand of the mortgaged property by the plaintiff before suit brought; but, in view of the harsh rule invoked by the plaintiff, the court very properly suggested that the evidence of tender and refusal should be clear and convincing.

We think, however, that the court erred in refusing to charge the jury that a tender to one of two joint debtors and mortgagees was sufficient. On the contrary, the court charged the jury that such

tender should have been made to both mortgagees.    But their interest
is joint and individual.    You cannot compel a discharge by either
without paying the whole debt; but by payment of the whole debt to
either the mortgage is discharged.    You may therefore pay to either.
Either may receive payment and discharge the mortgage, and a tender
of payment to either is good.    *Oatman* v. *Walker*, 33 Me. 67; Jones,
Mortg. §§ 896, 958.

The creditor, receiving payment, becomes a trustee for all having
an interest in the fund.    A tender to one, if operative at all, must be
followed by certain legal results as to the property mortgaged.    Ob-
viously it could not operate to release an individual interest.    It
would release all or none.    While the evidence would justify the
court in sending to the jury the question of the sufficiency of the de-
mand made by plaintiff to indicate that plaintiff claimed possession
of the mortgaged property on the ground of the tender and refusal,
as respects the rest of the property claimed by him it is not so clear
that the demand was sufficient, in view of the claims of third persons
to a portion thereof, to identify what he was entitled to in case the
jury should find he did not own it all.

Unless he owned all the furniture demanded, it seems to us that
the defendants' objection to the sufficiency of the demand was well
taken.

Order reversed and new trial granted.

(Opinion published 55 N. W. Rep. 115.)