CHARLES A. MOORE v. HUTCHINSON BEVIER.[1]

February 6, 1895.

No. 8987.

**Joint Obligees—Payment to One.**
> One of two joint obligees to a contract has a right to receive payment thereon, and such payment discharges the obligation, to the amount paid, whether in whole or in part.

**Same—Payment to Third Person.**
> An obligor has no legal right to pay a third person a sum due to the two joint obligees, without authority from both of them.

**Defect of Parties—Waiver.**
> Where one of two joint obligees, in his own name, sues the obligor, the latter waives the defect of parties by not demurring, or taking the objection by answer.

Action to recover the sum of $4,000, alleged to be due to plaintiff under a written contract, by the terms of which plaintiff and another sold the information they had "for the sum of $2,000, absolutely, and the further sum of $8,000 if" the buyer "should succeed in acquiring title to said parcel of land." From an order of the district court for St. Louis county, Ensign, J., refusing to set aside a verdict for plaintiff and to grant a new trial, defendant appealed. Affirmed upon condition.

· *White & McKeon,* for appellant.

*J. L. Washburn,* for respondent.

BUCK, J. One George W. Davis and the respondent, Charles A. Moore, were the equal co-owners of valuable information concerning the location and character of certain government lands described in the complaint herein, supposed to be of great value, and on September 28, 1893, they entered into a contract with the defendant, Hutchinson Bevier, to sell him this information for the sum of $2,000, to be paid them absolutely by Bevier, and the further sum of $8,000 if he should succeed in acquiring title to the land about which they had sold him the information. Bevier paid the $2,000 at the time

1 Reported in 62 N. W. 281.

of executing the agreement, and thereafter he acquired title to the premises described in the agreement, and concerning which Davis and Moore had furnished him the valuable information; and thereupon the remaining sum of $8,000 became due and payable to Davis and Moore, under the terms of the agreement. A voluminous paper book, containing 262 pages, is presented for our consideration, the greater part of it being immaterial and entirely unnecessary. This action was brought by Moore against Bevier to recover one-half of the $8,000 which Bevier was to pay Davis and Moore if he acquired title to the land mentioned in the contract. The defendant alleges as a defense that, by direction of Moore, he (Bevier) paid the whole sum of $8,000 to Davis, or those to whom he was directed by Davis to pay it. He also claims that Moore and Davis were copartners, and that a payment to Davis operated as a payment to them both, as copartners. The question of payment, and the question of whether Davis and Moore were copartners under the terms of the contract, or, if paid in part, that then it would be a good payment, to the extent of the amount paid, were submitted to the jury, under the instructions of the court, and a verdict was rendered in favor of the plaintiff for the sum of $4,000 and accrued interest.

The agreement between Davis and Moore, upon which suit was brought, was not a partnership contract in form or substance. It has none of the elements of a copartnership agreement. The contract was one of sale of the information possessed by Davis and Moore, and it nowhere provides that they shall carry on business of any kind, and there is no provision for sharing in profits and losses, as such; and no intent appears that they were to carry on a common enterprise, or that there existed the mutual relation of principal and agent. An attempt was made by the defendant to show a copartnership by the execution of another contract between Moore and Davis, agreeing therein to form a copartnership; but the proof showed and the jury must have so found, that this agreement, when first executed, was signed by Moore and K. A. Davis, the wife of George Davis, and that, without the knowledge or consent of Moore, the name of K. A. Davis was erased, and that of George W. Davis inserted. There is so little evidence to sustain the contention of the appellant that Moore and Davis were copartners that it would be an unnecessary waste of time to examine the matter at length.

The instrument sued upon was clearly a joint contract. Plaintiff and Davis are called "parties of the first part"; and Bevier, "party of the second part." "Wherever an obligation is undertaken by two or more, or a right given to two or more, it is the general presumption of law that it is a joint obligation or right. Words of express joinder are not necessary for this purpose." 1 Parsons, Cont. 11. Now, what are the rights of the parties under this joint contract, and the evidence in the case, and the finding of the jury? It is claimed that the appellant, Bevier, paid to Davis, personally, some time subsequent to the execution of their joint contract the sum of $2,000, and that he paid to other parties the following sums, viz.: To one Thayer, the attorney for the contestant in the land controversy, $2,125; to one Segog, $875; to Maginnis, $1,000; and the balance of the $8,000 was paid to another party. These payments, it is claimed, were made for the purpose of settling adverse claims to Bevier's rights in the land mentioned in the joint contract, and that quite a large portion thereof were payments for attorney's fees in such matter. It is claimed by the appellant that Moore authorized these payments, but Moore denied this, and upon this question the jury must have found in favor of Moore. As a matter of law, then, these payments cannot be treated or regarded as payments made upon the joint contract of Davis and Moore. If Davis had a right to receive the whole of the $8,000 due on the joint contract, he had no right to authorize the payment of these sums to parties other than Moore or himself, without authority from Moore. And Bevier had no legal right to pay these sums to third parties upon the order of one of the joint contractors. He did, however, have a right to receive payment upon such contract, the sum of $2,000, which the evidence clearly shows Bevier paid to him. This right is based upon the rule of law that an obligor's payment, in full or in part, to one of two joint obligees, discharges the obligations, in whole or in part, as the case may be. Henry v. Mt. Pleasant Township, 70 Mo. 500; People v. Keyser, 28 N. Y. 226; Bishop, Cont. § 875; 18 Am. & E. Enc. L. 195. As we understand the record, Moore has been paid $1,000; Davis, $3,000; and the remaining $6,000 has been paid out to various parties without authority from Moore. Of this sum so paid out without authority, he is entitled to recover one-half, or the sum of $3,000, as principal. If Davis has actually re-

ceived more than his share, or has so acted as to make himself responsible to Moore, that is a matter which can be adjusted between themselves, and is not involved in this action, as Davis is not a party herein.

It is claimed, however, that Moore could not maintain this action, for the reason that the contract sued upon is a joint one between Moore and Davis, of the first part, and Bevier, of the other part, and that one joint maker of a contract cannot sue alone. If the defendant wished to avail himself of the fact that there was a defect of parties plaintiff, he should have demurred to the complaint, or raised the objection by answer. By neglecting to do so he waived such objection. Not only this, but he pleaded in his answer that the transaction between Moore and Davis was a copartnership enterprise, and tried the case upon this theory. It is too late now to raise this question for the first time in this court, and we are of the opinion that under the pleadings he could not properly raise it at any time. We have fully examined the lengthy record and briefs of counsel, and we do not find any prejudicial errors in the case.

The case is remanded to the court below with instructions to said court that if the respondent shall, within 30 days after the filing in said court of the mandate to be issued herein, remit from the verdict rendered in this action the amount thereof over and above $3,000 and accrued interest thereon, included in said verdict, so that the verdict in favor of plaintiff shall stand for $3,000 and such accrued interest, then the order appealed from will stand affirmed, but, if the respondent shall refuse to so remit said sum, then the order appealed from shall stand reversed.