(75 South. 580)

### PECK v. LAMPKIN. (8 Div. 913.)

(Supreme Court of Alabama. Feb. 8, 1917. Rehearing Denied May 24, 1917.)

1. PARTNERSHIP ☞52, 218(3) — CREATION — EVIDENCE—QUESTION OF LAW.

The creation of a partnership is a matter of contract, and the existence thereof and its terms may be established through the means of evidence efficient to prove the fact, at least prima facie; whether a definitely proven agreement between the parties constituted them partners, within legal contemplation, is a question of law for the court.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 49, 75, 79, 427.]

2. PARTNERSHIP ☞11—NATURE OF RELATION —SHARING PREMIUMS ON INSURANCE BUSINESS.

Where parties associated in the insurance business agreed to divide equally the commissions earned by writing insurance, they were joint owners, as members of a joint enterprise, of a demand against a person owing them insurance premiums; but they were not partners, one not being subjected to liability for any loss that might result from the business, though he was obliged by the agreement to stand the return of half the premiums or commissions on premiums when policies were canceled.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 26.]

3. PARTNERSHIP ☞47 — EXISTENCE OF RELATION—STATEMENT OF ONE PARTY.

Where the terms of an agreement between parties engaged in the insurance business were fully disclosed so far as the issue of partnership was concerned, it was the court's duty to determine the question of partnership without regard to statements, attributed to one party, that he and the other were partners.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 65, 68–72.]

4. PARTIES ☞19—JOINDER—JOINT OWNERS.

In an action by the administratrix of one joint owner of a debt to recover the entire indebtedness, the other joint owner is a necessary party.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 19–24, 26.]

5. TENANCY IN COMMON ☞55(7) — JOINT OWNERSHIP OF DEBT—SUIT BY ONE PARTY— AMOUNT OF RECOVERY.

Where decedent and another were tenants in common as to debts due them in their joint enterprise, decedent's administratrix, suing alone, no question being made with respect to the other tenant's nonjoinder, could recover no more than half the net sum found to be due the tenants in common.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 154.]

6. PAYMENT ☞5—PAYMENT TO ONE OF JOINT OWNERS OF DEBT.

A debtor may efficiently pay and discharge, in whole or in part, his debt by payment to one of two or more joint owners thereof.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 7, 8.]

7. PAYMENT ☞5—PAYMENT IN PROPERTY TO JOINT OWNER OF INDEBTEDNESS.

If one of the joint owners of a debt would accept property rather than money in satisfaction, in whole or in part, he, and the debtor as well, must be able to refer their act to some express previous authorization by the other joint owner of the indebtedness, or else present a ratification of the act by him.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 7, 8.]

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Suit by Tennie S. Lampkin, as administratrix, etc., against E. H. Peck. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Callahan & Harris, of Decatur, for appellant. E. W. Godbey, of Decatur, for appellee.

McCLELLAN, J. The appellee brought this suit against the appellant to recover the amount of insurance premiums alleged to be due plaintiff's intestate on that account. The plaintiff was awarded a judgment for $144.-66. There was no dispute as to the items of the account. The controversy arose and was waged over the contention that the account had been in major part offset or satisfied, and, with respect to the balance, that it had been validly tendered and the tender kept good.

[1] One of the more important questions involved was whether a partnership existed between plaintiff's intestate, A. B. Lampkin, deceased, and R. B. White. The creation of a partnership is a matter of contract; and the existence thereof and its terms may be established through the means of evidence efficient to prove, at least prima facie, the fact. Whether a definitely proven agreement between parties constituted them partners, within legal contemplation, is a question of law to be decided by the court. Alexander v. Handley, 96 Ala. 220, 11 South. 390.

[2] The arrangement under which White and Lampkin were associated at the time these insurance policies were issued and renewed did not operate to create the relation of partners between them; and so for the reason that White was not subjected—by the agreement to equally divide between the two the commissions earned by their industry in writing insurance—to liability for any loss that might or could result from the business. The relation—disclosed by the agreement, the terms of which were undertaken to be shown by White's testimony— was one of joint enterprise; the measure of White's share in the proceeds being fixed and ascertainable by the rule of division to which we have referred, which, in its turn, established a relation of joint ownership between White and Lampkin in the demand against the appellant. Nelms v. McGraw, 93 Ala. 247, 9 South. 719; Stafford v. Sibley, 106 Ala. 189,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

192, 193, 17 South. 324; Pulliam v. Schimpf, 100 Ala. 362, 14 South. 488. Lampkin was, and had been for a long time, conducting an insurance business when White became associated with him. White brought no funds or other values to the service, except his own industry and a horse and buggy he previously owned, continued to use while working with Lampkin, and kept the control of and title to during his service with the business and upon his retirement from that service.

[3] In the presence of the fully disclosed terms (so far as the issue of partnership vel non inter sese is concerned) of the agreement between White and Lampkin, it was the court's duty to determine the question of partnership vel non, without regard to statements attributed to Lampkin whereby he is said to have affirmed that he and White were partners. Alexander v. Handley, supra. The testimony of White, in which he said he was obliged by the agreement to stand the return of half of the premiums or of the commissions on premiums when policies were canceled, did not serve to introduce into the arrangement the essential feature of community of interest in the losses of the business. That was but a recognition of a rule of restoration, of drawback, effective to toll his proportion (one-half) of the proceeds, so as to exactly divide the income from the insurance written and make the men equal sharers in what was earned in that branch of the business. The check drawn on a bank account standing in the name of "White & Lampkin" was shown without dispute to have had reference to another matter, separated from the "insurance business." It results that the court cannot be held to have erred to appellant's prejudice in advising the jury to give no heed or effect to the suggestions in the evidence relating to an asserted partnership between White and Lampkin.

[4, 5] At the request of the plaintiff the court instructed the jury as follows:

"If the jury believe from the evidence that, at and before the death of Lampkin, he and White were tenants in common as to certain debts due for commissions on insurance premiums, then Mrs. Lampkin, in her capacity as administratrix of one of the tenants in common, may maintain an action for the full amount of any debt that may be due."

According to the hypothesis of the quoted charge, White, the joint owner, was a necessary party plaintiff to an action to recover the entire indebtedness from appellant; but, no question being made with respect to White's nonjoinder, the full measure of this plaintiff's possible right to recover was limited to one-half of the net sum found to be due by the defendant to White and Lampkin. Tankersley v. Childers, 23 Ala. 781; Smith v. Wiley, 22 Ala. 396, 58 Am. Dec. 262. The court, therefore, erred in giving the quoted instruction to the jury.

[6, 7] Whether the amount claimed was subject to a credit of approximately $67 as

for goods, etc., furnished by a firm of which the defendant was a member, was one of the issues litigated. A debtor may efficiently pay and discharge in whole or in part his debt by payment to one of two or more joint owners thereof. Moore v. Bevier, 60 Minn. 240, 62 N. W. 281; Harding v. Parshall, 56 Ill. 219, 226–227; 30 Cyc. 1183–4; People v. Keyser, 28 N. Y. 226, 84 Am. Dec. 338. See Henry v. Mt. Pleasant Township, 70 Mo. 500, 503, 504. But we apprehend that, if one of the joint obligees would accept property, other than money, in satisfaction, in whole or in part, of the jointly held demand, he, and the debtor as well, must be able to refer their act to some express previous authorization to that end by the co-obligee, or else present a ratification of the act by the co-obligee.

Error underlies the judgment. It is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.