160 So. 896

## TRI–CITY GAS CO. v. BRITTON.

7 Div. 307.

Supreme Court of Alabama.

April 18, 1935.

Roger C. Suttle and O. R. Hood, both of Gadsden, for appellant.

L. B. Rainey, of Gadsden, for appellee.

BOULDIN, Justice.

In this cause counsel for appellee, on being reminded by letter from the secretary of this court that no brief was on file for appellee, replied: "There was jury and verdict in the amount of $25.00, and it is immaterial with the appellee whether this case is reversed or not."

Under general rules of procedure in appellate courts, the appellee interposes a plea to the assignments of error by appellant. The common plea, or joinder in error, in the nature of the general issue, is "nullo est erratum"—"there is no error in the record." 3 C. J. page 1400, § 1554.

This is declared a sufficient joinder in error by our Supreme Court Rule No. 11.

By a long line of practice a formal joinder in error has been dispensed with; and we have held no formal joinder is necessary where the record shows a joinder in the submission of the cause. Maddox v. Chilton Warehouse & Mfg. Co., 171 Ala. 216, 55 So. 93.

The practice of omitting any indorsement of a joinder in error on the record has so long prevailed we may now say that where the appellant submits the cause on briefs, and there is no formal joinder in error, nor brief filed by appellee (which with us is not mandatory), the court considers the cause on its merits, treating it as if the general issue, so to speak, was in; assuming the appellee is interested in having his judgment sustained.

But in this case the information given by appellee that the result in this court is "immaterial" to him is tantamount to an express nonjoinder in error; a declining to take issue on the assignments of error. In such case this court is not called upon to consider the merits of the several assignments of error and arguments in support of same in appellant's brief.

The judgment will therefore be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.