## THOMAS V. DELANEY AND ANOTHER v. OTTILIA FRITZ.[1]

January 25, 1946.

No. 34,156.

*Jesse A. Schunk,* for appellant.
*M. J. Daly, Jr.,* for respondents.

LORING, CHIEF JUSTICE.

This appeal is taken from an order sustaining a demurrer to the answer. The question presented is whether one of several payees of a note secured by mortgage may accept payment and effectually discharge the debt and mortgage.

August 21, 1936, Thomas V. and Elizabeth M. Delaney executed and delivered a promissory note for $4,000, secured by mortgage on real estate, to Joseph Hassler and Leo Doll. In 1936 Hassler died, and in 1938 Doll died. Both left heirs, and to each group of heirs the probate court decreed an undivided one-half interest in the debt so secured.

On December 29, 1943, the mortgagors paid the Hassler heirs their half of the debt. They also paid the other half to two of the three Doll heirs. The third Doll heir (defendant here) refused to accept $580.92 tendered to her by her coheirs as her interest in

[1]Reported in 21 N. W. (2d) 479.

the mortgage, claiming she was entitled to $745.21. She then started a foreclosure of the mortgage by advertisement. The mortgagors brought this action seeking a permanent injunction against foreclosure. The defendant answered, and the plaintiffs demurred. The lower court sustained the demurrer.

Prior to payment by the mortgagors of the one-half Doll interest, the defendant notified the mortgagors that she held a one-third interest in the mortgage debt, as decreed to her by the probate court.

The issue here is whether payment to the other two Doll heirs of the full amount due on the Dolls' half interest constituted a satisfaction of the debt and mortgage.

In the will that Leo Doll left, the provision by which the Doll heirs received the interest in the note and mortgage stated that they should receive any property not already devised "share and share alike." The probate court decreed to them "An undivided ½ Interest." The Doll heirs were, therefore, owners of the undivided one-half interest in the note and mortgage.

Where an undivided debt secured by mortgage is owed to two or more creditors, it may, when due or thereafter, be paid to either or any one of such creditors, and the one or ones to whom it is paid may effectually discharge the debt and mortgage. People ex rel. Eagle v. Keyser, 28 N. Y. 226, at pp. 228, 235, 84 Am. D. 338. Flanigan v. Seelye, 53 Minn. 23, 55 N. W. 115; Moore v. Bevier, 60 Minn. 240, 62 N. W. 281; Annotation, 142 A. L. R. 371; 2 Jones, Mortgages (8 ed.) § 1224. Therefore, in this case the debt and mortgage were discharged and satisfied. The rights of the creditors, as between themselves, are not here involved. Dunphy v. Gilliam Mfg. Co. 21 Ohio Cir. Ct. 696, cited by appellant, is clearly distinguishable.

Order affirmed.