146 So.2d 91

UNITED SECURITY LIFE INSURANCE COMPANY

v.

Vina DUPREE.

6 Div. 881.

Court of Appeals of Alabama.

Oct. 16, 1962.

S. P. Keith, Jr., Birmingham, for appellant.

Fite & Fite, Hamilton, for appellee.

PRICE, Presiding Judge.

The appellant has moved to strike the brief of appellee because it was not filed in accordance with court rule, in that the counter argument is not addressed separately and severally to appellant's assignments of error.

It is not mandatory that a brief be filed by the appellee. Where the appellant submits the cause on brief and no brief is filed by the appellee, the court con-

siders the cause on its merits on the assumption that appellee is interested in having the judgment sustained. Tri-City Gas Company v. Britton, 230 Ala. 283, 160 So. 896. In the absence of brief for appellee the facts and record as stated in appellant's brief will be accepted as true. See 2A Ala. Dig., Appeal and Error, ⊕768 for cases.

■■■ Rule 10 of the Supreme Court Rules of Practice is directory only. The appellee's brief in this cause, in which it accepts as true the statement of the case and the facts contained in appellant's brief, then sets out under the heading "Propositions of Law," a concise statement of the propositions of law relied upon to meet the alleged errors and sustain the judgment, together with the authorities relied upon in support of each, and after that the "Brief and Argument," argues the points relied on to sustain the judgment, is a sufficient compliance with the rule. The motion is denied.

## ON THE MERITS

This suit was instituted in the Circuit Court of Marion County by appellee, Vina Dupree, against appellant, United Security Life Insurance Company, a Corporation, for the return of premiums claimed to be due her under the following rider of a health and accident policy issued to her late husband, who died July 29, 1960.

"Return of Premiums

"In the event of the death of any insured named in the policy to which this supplement is attached, resulting from such injury or such sickness, the Company will pay to the beneficiary an amount equal to the decedent's proportionate share of the premiums paid for this policy, but not exceeding $500.00. This benefit is in addition to all other benefits provided by this Policy."

The supplement or rider was issued contemporaneously with the policy and was attached to and became a part of it. The defendant pleaded in short by consent, etc., the general issue.

The court sitting without a jury, rendered judgment in favor of plaintiff in the sum of $228.60.

The first assignment of error challenges the action of the trial court in overruling defendant's demurrer to the complaint on the ground that notice and proof of loss were not alleged.

■■■ The complaint avers the essential facts in like general terms as used in form 12, in Section 223 of Title 7, Code of 1940, except that in form 12, the allegation is "of which the defendant has had notice," and the instant complaint avers that, "demand was made upon defendant for the payment of said sum by the plaintiff." We are of the opinion this was a sufficient averment of notice and no error was committed in overruling the demurrer on the ground insisted on.

Plaintiff introduced the policy in evidence and testified her husband, M. J. Dupree, died on July 29, 1960; that she had paid the annual premiums of $43.13 by check, and had receipts showing payment, but did not have them in court; that in October of 1960 she deposited in the post office in Guin, Alabama, a letter addressed to the defendant at its home office in Birmingham, in which letter she notified the company of the death of her husband; that she also wrote the company again in March, 1961; that she did not keep copies of the letters she wrote and she received no reply from the company; that Mr. Carter wrote a letter to the company for her on July 22, 1961; that she received a letter from the company, defendant's exhibit "1", dated June 7, 1961, and a letter, defendant's exhibit "2", dated July 17, 1961.

Travis Ray Carter testified he had written four letters to the company for Mrs. Dupree, in May, June, July and August, 1961; that he did not receive a reply to either of his letters but Mrs. Dupree received replies to his letters; that he also talked with Boyd Aldredge, defendant's agent, in June, 1961, and had turned the death certificate of insured over to him.

Mr. Frank Aspinwall testified he was the defendant's Vice-President in charge of claims; and had all claim records under his supervision; that he had never received a letter from Mrs. Dupree, but had received a letter from Boyd Aldredge, defendant's exhibit "4", dated June 2, 1961, enclosing certified copy of death certificate, and one from Travis Carter, defendant's exhibit "3", dated July 22, 1961; that on August 1, 1960, he paid a hospital claim to the Guin Hospital for Mr. Dupree's illness, but there was nothing on the claim indicating the patient had died. On cross-examination the witness stated that although it was not probable, there was a possibility that a letter could be misplaced in the claims department.

It is argued that plaintff is not entitled to recover because of a fatal variance between the averment and proof, because the policy does not show her as beneficiary.

■ It is true plaintiff claimed as beneficiary and no beneficiary was named in the policy, but advantage of the variance may not be taken on this appeal, since there was no objection to the introduction of the policy in evidence. Reliance Life Insurance Company v. Russell, 208 Ala. 559, 94 So. 748; Cassady v. Williams, 234 Ala. 299, 174 So. 485; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725, Rule 34, Circuit Court practice.

■ The trial court did not err in refusing to exclude the evidence on the ground the plaintiff had not made out a prima facie case.

It is argued that the amount of recovery, if any is due under the policy, would be payable to insured's estate; that suit was brought by plaintiff not as administratrix or executrix of the estate of her deceased husband, but by her as an individual, and the policy is silent as to any beneficiary, therefore, the plaintiff has wholly failed to prove that she is entitled to recover.

■ Under Title 7, Section 126, Code of 1940, "Actions on promissory notes, bonds, or other contracts, express or implied, for the payment of money, must be prosecuted in the name of the party really interested, whether he has the legal title or not." An insurance policy, after a loss has occurred, is a contract for the payment of money within the influence of this statute. Life & Casualty Insurance Company of Tennessee v. Crow, 231 Ala. 144, 164 So. 83.

The evidence is without dispute that the premiums were paid by the plaintiff, the widow of insured, and we are of the opinion the evidence shows she is the person entitled to a return of the premiums.

It is further insisted that plaintiff was not entitled to recover because of her failure to comply with the policy provisions with reference to the giving of notice to defendant and filing proof of loss within ninety days after insured's death.

Paragraphs 4, 5, 6 and 7 under "Standard Provisions" are as follows:

"4. Written notice of injury or of sickness on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness.

"5. Such notice given by or in behalf of the Insured or beneficiary, as the case may be, to the Company at its General Office in Birmingham, Alabama, or to any authorized agent of the Company, with particulars sufficient to identify the Insured, shall be deemed to be notice to the Company. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible.

"6. The Company, upon receipt of such notice, will furnish to the claimant such forms as are usually furnished by it for filing proof of loss. If such

forms are not so furnished within fifteen days after receipt of such notice, the claimant shall be deemed to have complied with the requirements of this policy as to proof of loss upon submitting within the time fixed in the policy for filing proofs of loss, written proof covering the occurrence, character and extent of the loss for which claim is made.

"7. Affirmative proof of loss must be furnished to the Company at its said office within ninety days after the termination of the period of disability for which the Company is liable."

It is appellee's contention that no provision is made in the policy for filing claim for the return of premiums, but that notice of her husband's death was given to the company by letter written by plaintiff in October, which was within ninety days after he died; that upon receipt of this letter it became the duty of the company to furnish proper forms for filing proof of loss, and by its failure to do so it waived the right to defeat the action because of failure of further proof.

█ It is a well settled rule that conditions in a policy of insurance prescribing duties upon the insured should be liberally construed in favor of the insured and strictly against the insurer. Robinson v. Aetna Insurance Company, 128 Ala. 477, 30 So. 665; Syndicate Insurance Company v. Catchings, 104 Ala. 176, 16 So. 46.

█ We are of the opinion the plaintiff is entitled to the benefit of the doubt in regard to the ambiguous language of the policy respecting the giving of notice under the return premium clause. The questions of the giving of notice and of insurer's waiver of proof of loss were for the trier of fact under the evidence.

Five annual premiums of $43.13 each, amounting to $215.65, had been paid on the policy. The court rendered judgment for $228.60. It is appellant's contention that the term "an amount equal to the propor-

tionate share of the premiums paid for this policy" should be construed as a promise to return premiums paid up until insured's death, or for 4⅓ years, and the judgment is excessive in the amount of approximately $42.00.

Proportionate means "in proportion to number or interests; adjusted properly as to relative magnitude; adjusted to something else according to a certain rate of comparative relation." 73 C.J.S. p. 217.

█ The term "proportion" is synonymous with "pro rata," meaning the relation of one portion to another. It has no meaning unless it is referable to some rule or standard. Words and Phrases, 34A Permanent Edition pp. 427, 470. It is a familiar rule of law that ambiguities or uncertainties in a contract of insurance will be resolved in favor of the insured. See 12 Ala.Dig. Ins. ⬯146(3) for numerous cases.

█ The meaning of the policy is ambiguous or doubtful for the reason that there is no gauge to fix the decedent's proportionate share of the premiums paid on the policy, and in the absence of such standard, we cannot say the trial court erred in awarding to the plaintiff the full amount of the premiums. Under Title 9, Section 62, Code 1940, interest is payable on the amount due under a policy of insurance from the time the policy becomes due and payable. The difference between $228.60, the amount of judgment, and $215.65, the amount of premiums paid, may properly be treated as interest. Roe v. Brown, 249 Ala. 425, 31 So.2d 599; Mercantile Life Insurance Company v. Johnson, ante, p. 307, 132 So.2d 248.

█ The judgment of a trial court, sitting as a jury, rested on evidence given ore tenus, or partly so, has the same force and effect as the verdict of a jury, and will not be disturbed on appeal, unless it is plainly and palpably contrary to the great weight of the evidence. Collier et al. v. Woody, 257 Ala. 391, 59 So.2d 670.

We cannot say the judgment is plainly and palpably against the great weight of the evidence. The judgment is due to be affirmed.

Affirmed.