302 So.2d 104

Elizabeth GRAY, as Executrix of the Estate of Ada Fromhold, Deceased,

v.

HOLYOKE MUTUAL FIRE INSUR-
ANCE COMPANY et al.

SC 711.

Supreme Court of Alabama.

Sept. 26, 1974.

Rehearing Denied Oct. 31, 1974.

J. Wm. Thomason, Bessemer, for appellant.

Paden & Green, Bessemer, for appellee Robert E. Paden, as Administrator of the Estate of Joseph M. Fromhold, Deceased.

Huie, Fernambucq & Stewart, Birmingham, for appellee Holyoke.

BLOODWORTH, Justice.

Appellant (complainant below) Elizabeth Gray, as executrix of the estate of Ada Fromhold, filed a bill for declaratory judgment in the Circuit Court of Jefferson County, Bessemer Division, against the appellees (respondents below), Robert E. Paden, as administrator of the estate of Joseph M. Fromhold, and the Holyoke Mutual Fire Insurance Company.

The appellant sought a declaration that she is entitled to recover from either, or both, of the appellees one half of the proceeds of a homeowner's insurance policy issued to Joseph M. and Ada Fromhold on a house owned by them as tenants in common, appellee Paden, as administrator, having previously recovered judgment for the full amount of the policy from appellee Holyoke Mutual.

The circuit judge, sitting without a jury, denied the relief sought by appellant and rendered judgment in favor of the appellees, declaring that the prior judgment extinguished Holyoke's liability on the policy and that Paden, as administrator of the estate of Joseph M. Fromhold, was not liable to appellant for any portion of the policy proceeds. Hence this appeal. We reverse and remand.

Joseph M. Fromhold and Ada R. Fromhold were husband and wife. They owned certain real property and a house situated

thereon as tenants in common without any right of survivorship. On August 10, 1968, they purchased a homeowner's insurance policy on the house and its contents for a three-year term from Holyoke Mutual for a premium of·$230.00. The premium was payable in three annual installments. The first installment was paid by the Fromholds when the policy was issued. Shortly after the issuance of the policy, Mrs. Fromhold died. (Paden Realty Company, as agent for Holyoke Mutual, was notified of Mrs. Fromhold's death. No change in the policy was made.) By her will, Mrs. Fromhold devised all her interest in the house and its contents to her son by a previous marriage, Alvis Gray, and his wife, Elizabeth, as tenants in common, subject to a life estate in her husband, Joseph Fromhold. Alvis Gray predeceased his mother, Mrs. Fromhold. His wife, Elizabeth Gray, qualified as executrix of Mrs. Fromhold's estate.

When the second and third installments on the premium became due, they were paid by "someone," according to a stipulation of the parties. Mr. Fromhold contin· ued to occupy the house and use its contents. On March 21, 1970, Mr. Fromhold died in a fire which totally destroyed the house and its contents.

Mr. Fromhold departed this life intestate. His sole heir is a daughter by a previous marriage. Robert Paden qualified as administrator of, and also acted as attorney for, the estate. Both Mr. Paden and Mrs. Gray filed separate proofs of loss and Holyoke Mutual denied coverage as to both. Mr. Carl Ross, Sr., as attorney for Mrs. Gray, and Mr. Paden, as attorney for the estate of Mr. Fromhold, discussed their respective claims on several occasions. Finally, Mr. Paden, as administrator of the estate of Joseph M. Fromhold, filed suit against Holyoke Mutual. The suit was successful, and Paden recovered the full face value of the policy, $8,000.00 for the house and $3,200.00 for the contents. Following this judgment, Paden accepted $10,000.00 in full settlement thereof. Pad-

en kept $4,000.00, as his fee and expenses, and distributed the balance to the heir of Mr. Fromhold. Mr. Ross, attorney for Mrs. Gray, had knowledge of the suit on the policy but did not participate or aid in it although Mr. Ross appears to contend that he and Mr. Paden had an agreement that their respective clients would share in the recovery. Mr. Paden denies such an agreement. Neither Mrs. Gray nor her attorney Mr. Ross were aware of the judgment and settlement until it had been effectuated.

Appellant raises two issues on this appeal: (1) Did the trial court err in holding that the judgment for the full amount of the policy obtained by Paden, as administrator, against Holyoke completely extinguish Holyoke's liability on the policy? (2) Did the trial court err in holding that Paden, as administrator of the estate of Joseph Fromhold, was entitled to the entire proceeds of the policy? We will deal with each of these issues separately.

I.

The policy was issued to "Joseph M. & Ada R. Fromhold" for a policy term from "8/10/68" to "8/10/71." Following the description of the insured premises, the policy recites:

"In Consideration of the Provisions and Stipulations Herein or Added Hereto and of the Premium Above Specified (or specified in endorsement attached hereto), this Company, *for the term shown above* from inception date shown above (At Noon Standard Time) to expiration date shown above (At Noon Standard Time) at location of property involved, to an amount not exceeding the amount(s) above specified, does insure the Insured named in the declarations above and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within

a reasonable time after such loss, * * *" (Our emphasis.)

■ It is this Court's conclusion that the two personal representatives stand in the shoes of their respective decedents and succeed to the rights and liabilities of each in the policy of insurance. See: Norwich Union Fire Ins. Co. v. Prude, 145 Ala. 297, 40 So. 322 (1906); Hanover Fire Ins. Co. v. Street, 234 Ala. 537, 176 So. 350 (1937). See also, 9 Couch On Insurance 2d § 39:240 (1962); cf. 8 Couch On Insurance 2d § 37:1141 (1962). At Couch, § 39:240, it is stated, viz:

"*§ 39:240. Death of insured under property insurance.*

"A policy of insurance on property is not terminated by the death of the insured in the absence of an express provision to that effect in the policy, the usual ground for the decision being that since such insurance policies usually contain explicit provisions as to termination or forfeiture for grounds other than death of the insured, no additional ground therefor will be implied or read into the contract. And a provision that alienation shall avoid the policy does not apply to a transfer by operation of law resulting from the death of the insured." [Footnotes omitted.]

■ Following the destruction of the insured premises, the insurance policy thus became a contract for the payment of money to the personal representatives of the named insureds. United Security Life Insurance Company v. Dupree, 41 Ala.App. 601, 146 So.2d 91 (1962).

■ Having reached this conclusion, we are still confronted by the general rule that an obligation to pay money to two or more persons, if not in the alternative, is joint, Masterson v. Phinizy, 56 Ala. 336 (1876), and authorities in this State have held that payment to one of two obligees of the whole obligation will discharge the whole. Brooks v. Ward, 287 Ala. 609, 254 So.2d 175 (1971); Ayers v. Ayers, 261 Ala. 421, 74 So.2d 250 (1954); Peck v. Lampkin, 200 Ala. 132, 75 So. 580 (1917).

■ The rule is, however, that whether an obligation is, in reality, joint or several, is controlled by the intent of the parties at the time of the making of the contract. In Atlanta & St. A. B. Ry. Co. v. Thomas, 60 Fla. 412, 53 So. 510 (1910), the common law rule is expressed thusly:

"* * * Where the rights and interests of the parties are definitely and clearly stated, the terms of the contract fairly interpreted should control, for it must be assumed that the intent of the parties is as it is distinctly and positively expressed by them. If the language used is ambiguous, the real intent of the parties should be ascertained, and it may be shown in an appropriate way when such showing is not inconsistent with the express terms and purpose of the contract. Even though a contract be in form joint in its obligations, if the real rights and interests of the obligees among themselves be several and not joint, actions may be maintained severally by the obligees as their rights and interests appear, when the express terms and purpose of the contract are not in substance thereby violated or disregarded. In ascertaining the intention of the parties and in determining whether the rights and interests of covenantees are in reality joint or several, the subject-matter of the contract, the language used, the purpose designed, the consideration furnished, and the circumstances that induced the making of the contract may be considered. * * *"

A special rule of construction has been applied to insurance policies, where, as here, the policy was issued in the names of several persons who held the insured property as tenants in common. In Hoyt v. New Hampshire Fire Ins. Co., 92 N.H. 242, 29 A.2d 121 (1942), the insurer contended that the actions of one of several tenants in common of insured property

could cause the rights of his co-tenants in common to be extinguished on the theory that the policy issued in the name of all, created a joint obligation. The New Hampshire Supreme Court, in rejecting this contention held at p. 121 of 29 A.2d:

"Whether the rights of obligees are joint or several is a question of construction (1 Williston, Con. § 325), and in construing an insurance contract the test is not what the insurance company intended the words of the policy to mean but what a reasonable person in the position of the insured would have understood them to mean. [Citations omitted.]

"[5] The ordinary person owning an undivided interest in property, not versed in the nice distinctions of insurance law, would naturally suppose that his individual interest in the property was covered by a policy which named him without qualification as one of the persons insured. And the fact that under such circumstances the insurance company may have had good reasons for preferring to issue a joint policy [Citations omitted.] is unimportant unless those reasons were disclosed. There is a presumption in this jurisdiction against an intention to create joint interests [Citations omitted.] and if the defendants intended the policies in question to be joint, that intention should have been clearly expressed."

The nature of the obligation thus depends on the parties' intent as evidenced by all the facts and circumstances surrounding the transaction, including the nature of the underlying relationship between the insureds and the nature of the insurable interest which each insured held.

Each of the original insureds, husband and wife, had a child by a previous marriage. The parties held title to the insured property as tenants in common, each having a distinct and separate interest in the insured property to protect. Therefore, in accord with the holding of the New Hampshire Supreme Court in *Hoyt,* supra, we believe that the obligation cannot be construed as joint because there is no clear expressed intent to that effect.

If the obligation is not joint, then, in the absence of authority from the other insured, the personal representative of Mr. Fromhold could not extinguish the rights of the other insured by recovering judgment for the whole interest but was merely entitled to recover for his own interest. 1 Couch On Insurance 2d § 5:2 (1962). The insurer could have asserted this, as a partial defense, in the suit on the policy. See Miles v. Miles, 211 Ala. 26, 99 So. 187 (1924). Holyoke Mutual contends, in brief, that this defense was rejected by the trial court in that suit; hence, it was entitled to rely on that trial court's decision in paying the proceeds to Mr. Fromhold's estate. That decision was erroneous, and the fact that Holyoke Mutual may have suffered such adverse determination in the former suit, but chose not to appeal, cannot adversely affect the rights of the estate of Mrs. Fromhold in this suit by way of res judicata. The estate of Mrs. Fromhold was neither a party to, nor in privity with, a party to that action. Elmore, Quillian & Co. v. Henderson-Mizell Mercantile Co., 179 Ala. 548, 60 So. 820 (1912); Bryan v. W. T. Smith Lumber Co., 278 Ala. 538, 179 So.2d 287 (1965).

It is argued that because "someone" notified the insurance company of Mrs. Fromhold's death and because "someone" paid the second and third installments on the premium, Mrs. Fromhold's interest in the policy was extinguished. This contention has no merit. To the contrary, it supports the claim made by her estate. The original policy was never canceled and reissued in the name of Mr. Fromhold only. The policy was for a term of three years with the premium payable in three annual installments. The contract was not renewable each year, but was a continuous contract for the stated period, notwithstanding the total premium was payable in

annual installments. 5 Couch On Insurance 2d § 30:6 (1962). Furthermore, the notice of Mrs. Fromhold's death, coupled with the proof of loss later filed on behalf of Mrs. Fromhold's estate, was clearly sufficient to put Holyoke Mutual on notice of a claim adverse to the claim of Mr. Fromhold's estate for the whole proceeds of the policy. When an insurer with knowledge of an adverse claim pays one of the claimants, the insurer does so at its own risk and, notwithstanding such payment, will be liable to one rightfully entitled to a portion of the proceeds. 5 Couch On Insurance 2d § 27:177 (1962).

 Mrs. Gray, as executrix of the estate of Mrs. Fromhold, is entitled to that portion of the proceeds of the policy to the extent of the estate's interest in the insured property and Mr. Paden's compromise of the judgment can have no effect on the rights of the estate of Mrs. Fromhold.

Of course, Holyoke Mutual could have brought a bill in the nature of a bill if interpleader, forcing the two claimants to come in and establish between themselves their respective rights to the proceeds of the suit policy or be barred from any recovery. Under former Equity Rule 36, Holyoke Mutual could have asserted any defense it had, as well as litigate the value of the insured property. Having failed to do so, it cannot now complain that it must pay the obligation it owes to the estate of Mrs. Fromhold.

We have already mentioned the appellant's contention that it was agreed Mr. Paden, as administrator of the estate of Joseph Fromhold, would have authority to sue for the entire proceeds of the policy. From the record, it appears to be a question of fact as to whether there existed such an agreement. Whether the trial court concluded, as a matter of law, that Mrs. Fromhold's estate had no interest whatsoever in the proceeds of the policy and, therefore, did not consider such question in the context in which we deem it

relevant, we cannot determine from the record. Such question may be resolved on remandment.

As heretofore mentioned, under the will of Mrs. Fromhold, she devised her interest in the contents of the house to her son and his wife, subject to a life estate in Mr. Fromhold. Subject to the requisite proof of Mrs. Fromhold's interest in these household effects, her estate is entitled to a corresponding share in such policy proceeds.

Therefore, it is that we hold that the trial court erred in holding that the administrator of Mr. Fromhold's estate, in recovering judgment and satisfaction, extinguished Holyoke Mutual's liability on the suit policy to Mrs. Fromhold's estate.

## II.

 The two tenants in common insured their respective interests in the insured property by a policy issued in the name of both. Simply stated, when property held by tenants in common is insured in the names of all, the proceeds of such a policy inure to the benefit of all according to their respective shares. Miles v. Miles, supra. We are not here concerned with a case in which one tenant in common has insured the whole value of the property in his name only. Thus, there is no question presented as to whether the named insured intended to insure for the benefit of his co-tenant or whether under the equities of the particular situation the one not named in the policy should share in the proceeds. Miles v. Miles, supra. Furthermore, there is no evidence that Mr. Fromhold or whoever paid the second and third premiums, demanded contribution from the estate of the wife for a pro-rata share of the premiums and that such contribution was refused.

 Both appellees contend that the estate of Mr. Fromhold was entitled to an extra share of the proceeds as compensation for his life interest although his life

estate was extinguished when he died in the fire which destroyed the house.

The Wisconsin Supreme Court refuted this very contention in In re Johnson's Estate [Buth v. Davis], 175 Wis. 248, 185 N. W. 180 (1921). The court held that the life tenant's estate, as against the life tenant's co-tenant-remainderman, was not entitled to any part of the proceeds of the suit policy. The Court reasoned that because her life interest was extinguished concurrently with the destruction of the insured property, the life tenant had no interest in the insured property at the time of the loss. We agree with the Wisconsin Supreme Court's reasoning and find it dispositive of this issue here.

We hold that Mr. Fromhold's estate is not entitled to any additional share of the proceeds based on Mr. Fromhold's life estate.

 Therefore, we hold that the estate of Mrs. Fromhold is entitled to judgment against Mr. Paden, as administrator of the estate of Joseph M. Fromhold, for one half of the proceeds of the suit policy, subject to proof of Mrs. Fromhold's interest in the contents of the house.

To summarize, we hold: (1) that the judgment and compromise thereof in the suit between the estate of Joseph M. Fromhold and Holyoke Mutual did not prejudice the rights of the estate of Ada R. Fromhold to recover one half of the proceeds of the suit policy nor did it extinguish the liability of Holyoke Mutual therefor, subject to a determination as to whether or not Mr. Paden, as administrator of the estate of Joseph M. Fromhold, was authorized by Mrs. Gray, as executrix of the estate of Ada R. Fromhold, to sue for, and collect, the policy proceeds on behalf of both estates and further subject to proof as to Mrs. Fromhold's interest in the household effects; (2) that Mr. Paden, as administrator of the estate of Joseph M. Fromhold, is liable to Mrs. Gray, as executrix of the estate of Ada R. Fromhold, for one half of the proceeds of the policy on the house and that part of the proceeds of the policy on the contents shown by the evidence to be the extent of Mrs. Fromhold's interest in the contents of the house. Perhaps, it is unnecessary to add that, in any event, appellant can have but one satisfaction of her claims. See Judgment ⊜891, 13 Ala.Dig.

We reverse and remand this cause to the Circuit Court of Jefferson County, Bessemer Division, for further proceedings consistent with this opinion.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, McCALL and JONES, JJ., concur.