For the reasons set forth in my dissent in PavilionDevelopment, LLC v. JBJ Partnership, 979 So.2d 24
(Ala. 2007), I respectfully dissent from the main opinion's reversal of the judgment of the trial court. Warren has waived the issue of the invalidity of the alternate ground relied upon by Hooper by failing to address it in his reply brief. I would affirm the trial court's judgment based solely on Warren's procedural default.
Hooper's motion for a summary judgment relied upon, among other grounds, the absence of any damages as a basis for his defense to Warren's claim. In entering the summary judgment in his favor, the trial court relied upon a ground not asserted by Hooper. In his opening brief to this Court, Warren failed to address any of the alternative grounds asserted by Hooper in his summary-judgment motion. Hooper asserts in his appellee's brief the defense of lack of proof of damages and argues the merits of that issue. Warren's reply brief merely notes that Hooper makes an argument as to lack of proof of damages. He fails to address the merits of that issue, contending that Hooper's discussion of that issue "misses the mark."
The main opinion deems Hooper's argument as to lack of proof of damages insufficient to satisfy the requirements of Rule 28(a)(10), Ala. R.App. P., dealing with the content of argument in an appellant's brief. The main opinion then cites several cases in which we have affirmed a trial court's judgment where an appellant has failed to present sufficient argument and then notes that Rule 28(b) makes the requirements of Rule 28(a)(10) applicable to an appellee. Of course, Rule 28(a)(10) requires an argument "as to the issues presented." Warren wholly failed to address the issue of lack of proof of damages in his opening brief. Thus, if Hooper had also wholly failed to address the issue of lack of proof of damages in his brief he would not have been in violation of Rule 28(a)(10) because that issue had not been presented by Warren. Further, even where an appellee files no brief whatsoever, we assume that the appellee seeks an affirmance. Tri-City Gas Co. v. Britton, 230 Ala. 283,160 So. 896 (1935). Nevertheless, assuming that Hooper subjected himself to the requirements of Rule 28(a)(10) by opening the door to the issue of lack of proof of damages, I cannot agree with the rejection in the main opinion of the sufficiency of Hooper's brief on this issue. Hooper cites Baker v.Metropolitan Life Insurance Co., 907 So.2d 419, 420
(Ala. 2005), in which this Court referred to the necessity for proof of damages to sustain a fraud claim and noted that the trial court could properly consider the lack of proof of damages in granting a summary-judgment motion. Hooper also argues in support of his contention that Warren failed to show proof of damages that, for all that appears, Warren "remains with the option to foreclose the properties." Hooper further argues: "There remains the possibility of [Warren's] recovering his monies and the realization of a profit if [he] chooses to exercise his rights to collect on his judgment [against Eason] at this time." Although Hooper's brief is by no means a model for others to follow, it stands head and shoulders above Warren's reply brief, which addresses the issue of lack of proof of damages by dismissing it solely on the contention that Hooper "misses the mark." Yet the main opinion rewards Warren's laxity with a reversal while applying a more stringent standard to Hooper, the appellee.
WOODALL, J., concurs. *Page 1125