(85 South. 849)

## BOSS LIVERY CO. v. GRIFFITH. (6 Div. 615.)

(Court of Appeals of Alabama.   Jan. 20, 1920. Rehearing Denied June 8, 1920.)

1. APPEAL AND ERROR &#9758;1161 — LOWER COURT NOT PUT IN ERROR BY MERE CONFESSION OF ERROR.

On appeal from judgment overruling a new trial, in which appellee confessed error, court will not reverse, where the record shows no error.

2. APPEAL AND ERROR &#9758;21—CONSENT DOES NOT OUST APPELLATE COURT OF JURISDICTION.

Consent or agreement of the parties cannot oust appellate court of its jurisdiction, or limit the principles of decision by excluding certain legal considerations which may be pertinent to the issue.

Appeal from Circuit Court, Jefferson County; Romain Boyd, Judge.

Action by O. D. Griffith against the Boss Livery Company for damage for injury to goods in transit. There was judgment for the plaintiff, and the defendant made a motion for a new trial, which was overruled, and it appeals. Affirmed.

Weatherly, Deedmeyer & Birch, of Birmingham, for appellant.

On application for rehearing, attorneys for the appellant state the reason above given for their failure to file a brief, and then proceed to brief the case on its merits; but it is not deemed necessary to here set it out.

David J. Davis, of Birmingham, for appellee.

On the submission of the case in this court, attorney for appellee stated that it was submitted on confession of error, and no briefs were filed by either party.

MERRITT, J. [1, 2] The appeal in this case is from a judgment overruling appellant's motion for a new trial, and the assignment of error is that the trial court committed error in refusing to grant a new trial to the appellant. The submission of the appeal in this court is upon confession of error by the appellee. No briefs have been filed in the cause, and the question is squarely presented wheth-

---

er this court should, on the confession of error, reverse the case and grant the appellant a new trial, irrespective of the fact as to whether the trial court committed error in its ruling on said motion. We have carefully considered the record in this case, and it appears that the trial court was right in overruling the motion for a new trial, there being no error; and, this being true, the trial court should not be put in error where there is none.

Consent or agreement of the parties cannot oust a court of its appellate jurisdiction, or limit the principle of decision by excluding certain legal considerations which may be pertinent to the issue. 2 Cyc. 537; State v. Crook, 123 Ala. 657, 27 South. 334.

It would be puzzling to say the least, as to how the trial court would proceed in another trial of this cause, should we act on the confession of error, when none has been pointed out or assigned, and in fact when none exist.

So it necessarily follows from what has been said that the cause must be affirmed.

Affirmed.