(89 South. 520)

**ALEXANDER et al. v. LIVINGSTON.**
**(3 Div. 511.)**

(Supreme Court of Alabama. June 16, 1921.)

1. **Equity** ⬤⟿327 — **Allegations and proofs should correspond.**

Allegations of a bill and proof should correspond.

2. **Insane persons** ⬤⟿61—**Deeds void.**

Deeds to land executed by an insane person are void where the grantee knows of the insanity, under Code 1907, §§ 3347 and 3348.

3. **Partition** ⬤⟿46(1)—**Grantee son of insane person necessary party to action to set aside and partition the land.**

Where insane person executes deeds to a son, who sells his interest to a third person, the son is a necessary party to an action to avoid the deeds and sell the land for distribution, the insane parent having died, and the son being entitled as an heir to an interest in the property.

4. **Partition** ⬤⟿77(4)—**Burden on complainant to show land could not be partitioned.**

In an action to set aside alleged void deeds and for sale of land and distribution of proceeds among heirs of grantor, the burden of showing that the land could not be equitably partitioned was on the complainant.

5. **Evidence** ⬤⟿5(2)—**No judicial notice that land cannot be partitioned.**

The court cannot judicially know that a sale of land is necessary in an action to have a deed set aside and land sold and proceeds distributed among heirs of grantor.

6. **Partition** ⬤⟿77(4)—**Evidence insufficient to show necessity for sale.**

In a partition proceeding, evidence, "I know the Livingston place in question, and there is about 300 acres of this land cleared," was insufficient to show that it could not be equitably partitioned among the owners, and court erred in ordering it sold, under Code 1907, §§ 5222 and 5231.

7. **Stipulations** ⬤⟿17(2)—**Agreed statement of facts evidence only as between parties signing.**

In a suit involving a number of persons, an agreed statement of facts was competent evidence only as between the parties signing it.

8. **Mortgages** ⬤⟿156—**Mortgagee after recordation of deeds executed by insane person has preference over heirs of grantor.**

Where deeds executed by an insane person were regular on their face, recited cash consideration, and were recorded, mortgages given on the property by the grantee have preference and priority over rights of heirs of the insane grantor, if the mortgagees had no actual or constructive notice that grantor was insane, and knew of no fact or circumstance sufficient to put them on inquiry; a mortgagee of real estate being regarded as a purchaser, and being

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

entitled to equal protection, under Code 1907, §§ 3347 and 3348.

### 9. Mortgages ⬦186(3)—Burden on mortgagee to show bona fides.

The burden is on a mortgagee of land conveyed to mortgagor by insane person to show the bona fides of his debts and mortgages, and then the burden shifts onto an heir of the insane person, seeking to have the deed declared null and void, to prove that mortgagee had actual or constructive notice before the execution of the mortgage that grantor was insane when the deed was executed.

Appeal from Circuit Court, Autauga County; B. K. McMurray, Judge.

Bill by Mary Livingston against John A. Alexander, as administrator, and others, to declare certain deeds null and void, to sell land for division, and to fix the lien of a judgment and a mortgage upon the proper interest. From a decree granting the relief, respondents appeal. Reversed and remanded.

W. P. McGaugh, of Montgomery, and Balard & Jones, of Prattville, for appellants.

There is no evidence that fair value was not paid for the land in question, but, on the contrary, a valuable consideration is shown. 8 Ala. 32; 51 Ala. 288; 85 Ala. 284, 3 South. 767; section 3347, Code 1907. The court therefore erred in holding the deed void. 201 Ala. 28, 75 South. 150; 191 Ala. 142, 67 South. 992. No effort was made to show that the property could not be equitably divided. 115 Ala. 637, 22 South. 160; 89 Ala. 457, 8 South. 40; 59 Ala. 555; 164 Ala. 471, 51 South. 529; 180 Ala. 104, 60 South. 391; section 5231, Code 1907. There was no evidence of waste, and no occasion for a reference to ascertain the amount of waste. 95 Ala. 611, 11 South. 282. The evidence does not support the allegation that the grantor was incompetent to make the deed. 104 Ala. 642, 16 South. 689; (Fla.) 87 South. 762; 133 Iowa, 681, 108 N. W. 525; 172 Mass. 217, 52 N. E. 75; 1 Devlin on Deeds, 109 et seq.

W. A. Gunter, of Montgomery, for appellee.

The mother was a non compos mentis, and her deed was void, both under the common law and the statute containing it. Sections 3347, 3348, Code 1907; 131 Ala. 280, 31 South. 603; 129 Ala. 279, 30 South. 578; 127 Ala. 577, 30 South. 524; 154 Ala. 346, 45 South. 715; 28 Ala. 565. The defense of bona fide purchaser must be specially pleaded. 28 Ala. 521; 94 Ala. 576, 10 South. 535. No adverse holding is shown. 69 Ala. 332; 136 Ala. 632, 34 South. 10, 96 Am. St. Rep. 82; 93 Conn. 659, 107 Atl. 495, 5 A. L. R. 1081; 64 Ala. 74; 1 R. C. L. 703.

MILLER, J. This is a bill in equity to have two deeds declared null and void because the grantor was at the time a non compos mentis, to then have the land conveyed by them sold for division between the owners because it cannot be equitably divided, and to have mortgages and recorded judgments on the land declared liens on the interest only of the mortgagor and judgment debtor.

Mrs. Ella S. Livingston owned a lot in the town of Prattville, Ala., and an undivided one-third interest in 400 acres of land in Autauga county, Ala. Her son George S. Livingston owned the other two-thirds interest in the 400-acre plantation. The bill describes accurately the lot and the 400 acres of land.

On July 8, 1908, Ella S. Livingston for a recited cash consideration of $800 conveyed said lot to George Livingston, and on July 7, 1908, she conveyed said 400 acres to George Livingston for a recited cash consideration of $1,200. Each deed was properly attested and duly acknowledged. Both were recorded July 8, 1908. Mrs. Ella S. Livingston died intestate in August, 1908, about 30 days after the execution of the deeds. She left surviving her three children, viz. Mary Livingston, said George Livingston, and John Livingston. George S. Livingston died intestate February 28, 1919, leaving a widow and two minor children.

This bill is filed by Mary E. Livingston as the sole party complainant. The widow and two children and the administrator of the estate of George S. Livingston are parties defendant.

[1] The bill avers that George S. Livingston, after securing said deeds from Mrs. Ella S. Livingston, mortgaged the 400 acres of land and other lands to F. A. Flowers, and that this mortage and debt secured by it are now owned by Allen Northington. Allen Northington is made party defendant. The bill avers that, after securing said deeds from Mrs. Ella S. Livingston, George S. Livingston mortgaged the lot to James D. Deramus; that James Deramus is now dead, died intestate, and his heirs are made parties defendant to this cause. The bill avers that said heirs have sold said lot under the power of sale in the mortgage, and that it was purchased at the sale by W. A. Hunt; that W. A. Hunt is now in possession of the lot, claiming it under purchase at the mortgage sale. The bill makes W. A. Hunt a party defendant. We find nothing in the record showing he has been served with notice. We find no decree pro confesso against him and no demurrer or answer on file by him. He is a necessary party under the allegations of the bill. There is nothing in the record giving the court jurisdiction of him. Any degree rendered by the court as to the lot claimed by and in possession of him would be null

and void as to his interest therein. The agreed statement of facts, signed by only three of the parties, shows that this lot has been redeemed by P. E. Alexander from W. A. Hunt. The allegations of the bill and the proof should correspond.

[2] The court below declared the two deeds executed by Mrs. Ella S. Livingston to George S. Livingston null and void, because she was of unsound mind at the time they were executed. The evidence is almost without dispute that she was a very intelligent woman until a few years before her death, when her memory became impaired, and her mind became unsound, and it appears from the evidence almost without conflict—but we express no opinion thereon as the case has to be reversed—that she was mentally incapacitated to execute voluntarily and intelligently the deeds at the time they were signed. She was residing with and under the care of her son, George S. Livingston, at the time, and her mental condition was probably known to him—but as to this we express no opinion. If she was insane and he knew it at the time the deeds were executed, then the deeds were null and void. Sections 3347 and 3348, Code 1907; Mitchell v. Baldwin, 154 Ala. 346, 45 South. 715; Galloway v. Hendon, 131 Ala. 280, 31 South. 603.

[3] If the deeds were void, then John Livingston, her son, at her death inherited an undivided one-third interest in the lot, and an undivided one-third of one-third interest in the 400 acres. He was a necessary party. He is not a party. The original bill averred that John Livingston sold his interest in said property to George Livingston. The bill of complaint was amended by striking out all allegations contradictory or at variance with this amendment, and adds, among other averments, the following:

"And that the subsequent mortgages and deeds made by George S. Livingston to said lands and said lot as alleged in her original bill are void as to the interest of plaintiff and of her brother John in said lands and lot derived by them as heirs of said Ella S. Livingston, which is as to said lands one-third of one-third interest to each of them, and as to said lot one-third to each of them, there being three heirs to said Ella S. Livingston, viz. oratrix, the said John, her brother, and the said George S. Livingston, deceased."

The amended bill also alleges that one-third of one-third interest in said 400 acres belonged to oratrix and one-third of one-third of said 400 acres belonged to John Livingston and, "also one entire third was subject to John Livingston's vendor's lien for $1,000 and interest." Under the allegations of the bill as amended, he owns an interest in the lot and 400 acres of land, if the deeds made by his mother are declared null and void. If the allegations are true no decree rendered will be binding on him or his interest or his lien, if any, in the property. True, some of the testimony indicates that he has or claims no interest in the property, but there is some conflict in the evidence on this.

On February 17, 1913, George S. Livingston executed a mortgage to Autauga Banking & Trust Company on this property to secure an alleged indebtedness of $6,000. P. E. Alexander claims this mortgage and debt as transferree of the bank; and he claims to own some judgment liens recovered aganst George S. Livingston. P. E. Alexander is a party defendant.

Section 7 of the bill avers:

"That the town lot and said 400 acres of land cannot be divided equally, and that the same should be sold for division between oratrix and the said heirs of said George S. Livingston."

[4-5] The court ordered said property sold for division. The answers filed denied this part of the bill. Its truth was put in issue. There was no evidence tending to show it could not be partitioned. The court could not judicially know a sale was necessary. The burden of proof was on the complainant. She did not overcome it by evidence. This part of the decree was erroneous. John A. Alexander testified:

"I know the Livingston place in question, and there is about 300 acres of this land cleared."

This is not sufficient to show it could not be equitably partitioned among the owners. Smith v. Witcher, 180 Ala. 102, 60 South. 391; sections 5231 and 5222 of the Code of 1907; Crausby v. Crausby, 164 Ala. 471, 51 South. 529; Stein v. McGrath, 128 Ala. 175, 30 South. 792; McEvoy v. Leonard, 89 Ala. 455, 8 South. 40.

[7] There is noted in the record an agreed statement of facts. It is signed by the solicitor for the complainant, and the solicitors for P. E. Alexander and J. A. Alexander, as administrator of the estate of George S. Livingston, deceased. This is competent evidence only as between the parties signing it. There are other parties to this cause who did not sign it. As to them it is incompetent and cannot be used as evidence

The two deeds executed by Ella S. Livingston to George S. Livingston, one conveying the lot and the other her interest in the 400 acres of land, were dated the 8th and 7th of July, 1908, respectively. Both deeds were filed and recorded in the probate office of Autauga county, Ala., on July 8, 1908. She died within 30 days after the execution of the deeds. The bill in this case was not filed until April 5, 1919, more than ten years after the execution of the deeds. The evidence shows that George S. Livingston was in possession of this property from the date of the deeds until his death February 28, 1919. The statute of limitations is not

pleaded by any of the respondents. Sections 4834 and 4852, Code of 1907.

[8] These deeds of Mrs. Livingston to George S. Livingston are regular on their face, recite cash consideration, and have been on record since July 8, 1908. If said deeds are declared null and void on account of the insanity of Mrs. Livingston, then the mortgages given on said property by George S. Livingston after the execution and recordation of the deeds, and before the filing of the bill of complaint, would have a preference and priority over the complainant and John Livingston on their interest by inheritance from their said mother in said lot and 400 acres of land, if the interest of George S. Livingston in the property is insufficient to pay said debts, and provided the mortgages were bona fide and the mortgagees had no actual or constructive notice before the execution of the mortgages that Mrs. Livingston was insane when she executed said deeds, and they "knew of no fact or circumstance sufficient to put them on inquiry which, if followed up," would have led them to discover the fact that Mrs. Livingston was insane when she signed the deeds. A mortgagee of real estate is regarded as a purchaser, and is entitled to equal protection. Sections 3347 and 3348, Code of 1907; Rogers v. Adams, 66 Ala. 600; Coleman v. Smith, 55 Ala. 369; Wells v. Morrow, 38 Ala. 125; Kindred v. New Eng. Mortg. Sec. Co., 116 Ala. 192, 23 South. 56.

[9] The burden is on the mortgagee to show the bona fides of their debts and mortgages, and then the burden shifts onto the complainants to prove that they had actual or constructive notice before the execution of the mortgages on the property that Mrs. Livingston was insane when the deeds were executed. Craft v. Russell, 67 Ala. 9; Hodges v. Winston, 94 Ala. 576, 10 South. 535.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.