(102 So. 242)

HURLEY v. CITY OF TROY.   (4 Div. 969.)

(Court of Appeals of Alabama.   Dec. 16, 1924.)

1. Criminal law ⬧1187—Appellate court cannot enter judgment for fine and costs, on reversing conviction pursuant to agreement by parties.

On appeal from conviction, court cannot enter judgment giving effect to agreement of parties that judgment be reversed and judgment be entered for fine and costs, since, on reversing, the court has no further jurisdiction.

2. Criminal law ⬧1187—Appellate court will not put lower court in error by reversing, pursuant to agreement by parties.

Court will not put lower court in error, where no error appears, by agreement of counsel that judgment be reversed, and judgment be entered in appellate court for fine and costs.

Appeal from Circuit Court, Pike County; Arthur E. Gamble, Judge.

Prosecution by the City of Troy against L. J. Hurley for violation of a city ordinance. From a judgment of conviction, defendant appeals. Cause remanded.

A. G. Seay, of Troy, for appellant.
T. L. Borom, of Troy, for appellee.

In view of the decision, it is not necessary that briefs be here set out.

SAMFORD, J.   The parties to this appeal make and file in this court an agreement that the judgment be reversed, and that judgment be entered here against appellant for $25, and costs in the court below.

[1] Such judgment cannot be entered here. In the first place, if the judgment is reversed and the cause remanded, the cause would then be out of this court, and we would have no authority to enter a judgment against the appellant for a fine and costs.

[2] In the next place, this court will not put the lower court in error by an agreement of counsel when no error appears. Boss Livery Co. v. Griffith, 17 Ala. App. 474, 85 So. 849.

However, parties to civil actions may by written agreement withdraw an appeal, in which case the cause is returned to the lower court for proper disposition.

Taking the agreement on file to be a settlement between the parties, the cause is remanded to the circut court for such order as the parties may desire.

Cause is remanded.