65 So.2d 538

**HEMMINGS v. PLANTERS SUPPLY CO., Inc.**

**5 Div. 404.**

Court of Appeals of Alabama.

May 19, 1953.

Walter B. Venters, Opelika, for appellant.

172

Denson & Denson and Yetta G. Samford, Jr., Opelika, for appellee.

HARWOOD, Judge.

In the suit below verdict and judgment were in favor of the plaintiff. The defendant has perfected his appeal from such judgment. For convenience we will however refer to the parties as plaintiff and defendant, the positions they originally occupied.

The complaint below claimed damages resulting from defendant's alleged negligence in backing his truck into plaintiff's building.

Pleas of the general issue, and of contributory negligence were filed, and issue joined.

The evidence is undisputed that the defendant backed his truck toward a door in plaintiff's warehouse in such a manner as to hit the wall on one side of the door.

The tendency of the plaintiff's evidence was to the effect that the defendant missed the door by some three and a half feet and knocked the wall out on the side of the door for about five feet.

The evidence presented by the defendant was directed toward showing that he missed the doorway by only a foot or so, and that this was because a pile of rocks on the premises necessitated his "jack-knifing" the truck in order to back into the door of the warehouse.

There is some dispute in the evidence as to the location of this pile of rocks, but we think this point immaterial in view of the defendant's testimony that he knew of the pile of rocks, was familiar with plaintiff's premises, and had entered the doorway before some twenty-five to fifty times.

The defendant owed the plaintiff a duty not to negligently injure his property in backing the truck into the plaintiff's warehouse. As to whether he performed this act in a reasonably prudent manner was a question solely within the

province of the jury to resolve. Clearly the evidence presented by the plaintiff was sufficient to support the conclusion of the jury, as evidenced by their verdict, that the defendant breached this duty. No error therefore resulted in the refusal of the defendant's request for the affirmative charge.

 Counsel for appellant contends that the lower court erred in sustaining plaintiff's objections to certain questions seeking testimony as to whether other accidents had happened at this entrance before. Counsel cites and relies upon that line of cases holding that where a *plaintiff* has suffered injury on a defendant's property because of condisions likely to operate so as to produce a dangerous situation, then the plaintiff, under certain conditions, may introduce evidence of other accidents occurring about the same time and place from the same or similar causes. See City of Birmingham v. Levens, 241 Ala. 47, 200 So. 888. This principle has no application to the point now under consideration, and the questions sought evidence irrelevant and immaterial to the issues and the objections were properly sustained.

Here the injuries were inflicted upon the plaintiff on his own premises. The defendant, under his own testimony, was familiar with the premises and conditions existing thereon. The plaintiff owed no duty to the defendant to maintain his premises in any particular manner. The defendant, familiar with these conditions by many previous visits to the premises, undertook to back his truck into the warehouse.

There being no breach of duty on plaintiff's part no negligence can be predicated on plaintiff's action or inaction in maintenance of the premises. Whether other accidents had occurred on the premises was therefore immaterial and irrelevant. Southern Railway Co. v. Williams, 143 Ala. 212, 38 So. 1013.

 When injury is inflicted upon the plaintiff upon his own premises, it is not contributory negligence that he had not guarded his premises as perfectly against such injuries as prudence might reasonably dictate. Throckmorton's Cooley on Torts, Students Ed., p. 646; Mansfield v. Richardson, 118 Ga. 250, 252, 45 S.E. 269; Box v. Kelso, 5 Wash. 360, 31 P. 973; Shields v. Orr Extension Ditch Co., 23 Nev. 349, 47 P. 194. This for the reason that a landowner may make any lawful use of his land and it is not negligent merely because he neglects to take precautions to avoid injury thereto by others which can occur only as a result of another's negligence. Kleinclaus v. Marin Realty Co., 94 Cal.App. 2d 733, 211 P.2d 582.

Defendant's requested charge 1 was properly refused. It has repeatedly been held that charges such as this are confusing and misleading. Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4, and cases cited therein.

The above discussion has covered all of the points raised by appellant's assignment of errors. Being of the conclusion that merit does not attach to any of these assignments this case is ordered affirmed.

Affirmed.