96 So.2d 704

**R. L. COX**

v.

**C. J. HUNTER and Betty Joyce Vickers.**

**4 Div. 339.**

Court of Appeals of Alabama.

Aug. 13, 1957.

C. R. Lewis, Dothan, for appellant.

L. A. Farmer, Dothan, for appellees.

CATES, Judge.

Cox, alleging himself the owner of a house and lot in Dothan against which Hunter's automobile came into collision (while codefendant, Vickers, was driving the car), brought an action sounding in negligence, apparently forgiving the trespass for the sake of case, cf. Sibley v. Odum, 257 Ala. 292, 58 So.2d 896.

The court below sustained Hunter's demurrers to Cox's complaint, which complaint reads as follows:

"The plaintiff claims of defendants C. J. Hunter and Betty Joyce Vickers, jointly and separately, the sum of $750.-00 as damages, for that, heretofore on, to-wit, the 19th day of February, 1954, at about one o'clock A. M., the defendant Betty Joyce Vickers, while acting as

the servant, agent or employee of defendant C. J. Hunter and within the scope of her employment as such servant, agent or employee, was operating a Chevrolet automobile owned by said C. J. Hunter in a southerly direction in the 700 block of North Lena Street, a public highway in the City of Dothan, Alabama, and at said time and place plaintiff owned a house and lot abutting on said public highway, where it had a right to be, and known as 714 North Lena Street, and plaintiff avers that defendant Betty Joyce Vickers, while acting within the line and scope of her employment as such servant, agent or employee of defendant C. J. Hunter, at said time and place, so negligently operated said automobile as to cause or allow the same to turn off of said highway without first ascertaining that she could do so with reasonable safety to others, and said automobile crashed into or against said house so owned by plaintiff; and as a proximate result of aforesaid negligence, plaintiff suffered the following damages: two brick columns supporting the front porch of said house were knocked down, said front porch was splintered and badly damaged, the front porch roof was caused to collapse, the front door, front window and front wall were bashed in, floor joists, sills and flooring in the front room of said house were buckled, broken and damaged, said house was caused to move on its foundation and other damage was done to said house; and said house was so damaged as to cause the same to be untenantable, and plaintiff was caused to lose the rental therefrom in the sum of $3.00 per week from, to-wit, February 19, 1954, to, to-wit, March 12, 1954, aggregating the sum of $9.00, which plaintiff claims as special damage; and plaintiff avers that the sum of $3.00 per week was the fair and reasonable rental for said property. Wherefore, plaintiff sues to recover all of aforesaid damages."

The plaintiff took a voluntary nonsuit and came here on appeal, assigning as error the judgment of the court sustaining Hunter's demurrers.

■ Neither Hunter nor Vickers have responded to the citation on appeal. The failure to join in error ordinarily is not held against the appellee. Tri-City Gas Co. v. Britton, 230 Ala. 283, 160 So. 896.

■ In his brief, the appellant states that the lower court took the view that the averments of negligence were by way of conclusion only. In Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244, 246, there is an oft-quoted pertinent summary of how to plead negligence, which is that the complaint need aver "only the facts and circumstances from which the law imposes a duty to the plaintiff, and then a general charge of negligence *in performance of that duty* without a statement of the particular manner in which it was negligently performed." We distinguish the complaint here from the one held defective in Ensley Ry. Co. v. Chewning, 93 Ala. 24, 9 So. 458.

■ It seems to us, without having to consider the other remedies that might have been available, such as trespass quare clausum fregit, or the doctrine of liability without fault, that the appellant here has plead an adequate relationship between himself and the defendants to support an action for the breach of the duty of care arising from it. If the operator of an automobile has a duty of care to other persons upon the highway, we cannot see any distinguishing difference as to persons or property alongside the highway. The analogy of a landowner recovering from a neighbor whose neglect let a fire go to the abutting land is pertinent here, particularly as to the plaintiff describing himself as "owner," Putman v. White, 18 Ala.App. 15, 88 So. 355.

■ In George v. Fisk & Norcross, 32 N.H. 32, a declaration in case to recover damages to land by overflow of waters dammed up by defendants, which stated the

**198**

plaintiff was "seized," was sufficient to connote an interest in the land sufficient to maintain the action, the court saying:

" * * * No specific title to the land is alleged, nor was it necessary that there should be, as mere possession is sufficient to maintain an action against a wrong doer. But the plaintiff can recover for nothing beyond what his right and interest shown will entitle him to."

■ Cox need not additionally plead possession since the word "owner" includes at least constructive possession, Griffin v. Bozeman, 234 Ala. 136, 173 So. 857. Having alleged himself as "owner," Cox must bring into evidence a prima facie existence of title which, unless the defendants propound some claim of right to the land, needs to be only proof of possession, Sloss-Sheffield Steel & Iron Co. v. Wilkes, 231 Ala. 511, 165 So. 764, 109 A.L.R. 385.

■■ The status of the defendants on the plaintiff's land would not seem to be material for the purpose of testing the sufficiency of the complaint. Thus, in Hemmings v. Planters Supply Co., 37 Ala.App. 171, 65 So.2d 538, where a truck injured a wall in plaintiff's warehouse, it was held to be a jury question as to whether or not the defendant had exercised reasonable care not to injure the plaintiff's property in backing a truck into plaintiff's warehouse. Here, the argument is all the more cogent against Cox having to anticipate an automobile coming off the highway onto his land; nor do we see any need for Cox in his complaint to negative that the defendants were the beneficiaries (because of a status other than that of mere trespassers) of a license or invitation to knock Cox's tenant house askew.

The judgment of the court below is due to be reversed and remanded for proceedings consistent herewith.

Reversed and remanded.