307 So.2d 1

**Louis F. MURPHY**

v.

**Charles H. DEES.**

**SC 826.**

Supreme Court of Alabama.

Jan. 16, 1975.

Steiner, Crum & Baker, M. R. Nachman, Jr., Montgomery, and William B. Matthews, Ozark, for appellant.

Charles L. Woods, Ozark, for appellee.

BLOODWORTH, Justice.

Appellant Murphy appeals from the following "final decree" of the Circuit Court of Dale County:

### "FINAL DECREE

"This cause coming on to be heard is submitted for a ruling on the Plaintiff's bill of complaint, upon the Defendants' answer, also upon the Defendants' cross-bill as well as the Plaintiff's answer to the cross-bill and upon oral testimony taken in open Court and upon numerous exhibits, and the Court having considered the same feels obliged to make the following observations.

"This case involves one of the most complicated accounting problems that has ever been presented to the Court, it likewise involves equities of finance as well as equities of personal work and labor which are extremely difficult to resolve, it is therefore,

"ORDERED AND ADJUDGED by the Court that the real estate and personal property be sold either at a public sale or a private sale and that the net proceeds of such sale, after payment of Court costs and the cost of such sales, be divided equally between the parties to this cause of action.

"Done in chambers this the 18th day of March, 1974."

The action was originally brought by Dees as a petition for the sale of certain described real property allegedly owned by Murphy and Dees jointly or as tenants in common. The complaint alleges that the property cannot be equitably divided in kind and seeks a sale for division. By answer and cross-bill Murphy denied that Dees had any interest in the property, sought a complete accounting of all matters arising out of the parties' operation of a cattle farm on the real property sought to be sold, and prayed that he (Murphy) be declared the sole owner. The cattle farm was operated by Murphy and Dees either as a joint adventure or partnership.

Murphy's primary complaint on this appeal is that the trial court's decree is erroneous because it orders a sale for division of the property, both real and personal, but does not contain an express finding that the real property cannot be equitably partitioned or divided in kind, citing Crausby v. Crausby, 164 Ala. 471, 51 So. 529 (1909); Dillard v. Alexander, 277 Ala. 202, 168 So.2d 233 (1964); Compton v. Simmons, 223 Ala. 352, 135 So. 570 (1931).

In this state, it has been unquestionably the law that a court possesses no power to order a sale for division of jointly owned real property absent the consent of all joint owners, unless it is *alleged* and *proved* that the property is incapable of being equitably partitioned or divided in kind.

Although the cases cited by appellant Murphy do stand for this proposition, they do not hold that the decree of sale must contain an express finding that the property cannot be equitably divided in kind. Nor, have we found such a case so holding. However, appellee Dees, in brief asserts:

"The Appellee is not unaware of the decision of this court indicating that the Trial Court should make a determination in its decree that the property cannot be equitably divided in kind and although not argued in the brief by the Appellant, the Appellee is fully cognizant of Title 47, § 188, Code of Alabama 1940, Recompiled 1958, which directs that the 'Court shall ascertain and declare the rights, titles and interest of all the parties to such suit, the petitioners as well as the defendants, and shall give judgment according to the rights of the parties.'"

Appellee Dees further admits, in brief:

"*Adopting the view of the Appellant that this case is one which perhaps should be reversed* as a matter of form in the decree and that this court direct the trial court to make a finding in its final decree as to whether or not this property could be equitably divided in kind and further directing the trial court to make a determination of interest of the parties as directed by Title 47, § 188, Code of Alabama 1940, Recompiled 1958." [Emphasis supplied.]

Although neither the record nor the appellee's brief contains a joinder in error as required by our Supreme Court Rule 1, failure to file a formal joinder in error "ordinarily is not held against the appellee." Cox v. Hunter, 39 Ala.App. 195, 96 So.2d 704 (1957).

Notwithstanding appellee's apparent consent, in brief, "that this case * * * should be reversed * * * and * * * the trial court [directed] to make a finding * * * as to whether or not this property could be equitably divided in kind * * *," our courts have held that consent or agreement of parties can neither confer nor oust an appellate court of its jurisdiction. State of Alabama ex rel. Crow v. Crook, Judge, etc., 123 Ala. 657, 27 So. 334 (1898); Boss Livery Co. v. Griffith, 17 Ala.App. 474, 85 So. 849 (1920); Vol. 2 Ala.Dig. Appeal and Error ☞21; Vol. 2A ☞1161.

Otherwise, a confession of error and resultant reversal would avail nothing if, in fact, the "error" confessed to did not constitute reversible error as a matter of law. Just as in the instant case, it would be anomalous, to say the least, to reverse and remand this cause to the trial court, directing it to make a finding, when no such finding is required by law.

We cannot, therefore, reverse and remand on account of any apparent consent on the part of appellee. Neither can we reverse under our case law because of omission of such finding although we are cognizant of the practice which has heretofore prevailed (throughout most of the State) of including such a finding in the final decree. See Jordan v. Ellis, 278 Ala. 116, 176 So.2d 244 (1965).

Appellee Dees contends there is a sufficient allegation in the bill that the land cannot be equitably divided or partitioned in kind. We agree.

Appellant Murphy suggests that the evidence to support such allegation is insufficient. We turn to the record and find there is evidence to the effect that there is a farmhouse and barn on the tract (the locations of which are not revealed.) The only other evidence to support the allegation is that of appellee Charles H. Dees, who being first duly sworn, testified as follows:

"DIRECT EXAMINATION

"BY MR. WOODS:

\* \* \* \* \* \* .

Q What is the approximate acreage of the property?

A One hundred and twenty acres more or less. 120 acres and a portion on the other side of the road. The road divides it and it was never platted to see just exactly how much is in the section across the road. And we have been told it is an eight acre tract on the other side of the road.

Q This property is under fence today?

A All except the little section across the road that is divided.

\* \* \* \* \* \*

Q Is this property capable of being equitably divided—

A It could be, but it wouldn't be equitably."

The last answer is clearly conclusionary. It is somewhat equivocal and very meagre.

■ Altogether we consider the evidence is insufficient to support the allegation of the bill of complaint that the lands could not be equitably divided among the owners. Prosch v. Prosch, 47 Ala.App. 33,

249 So.2d 855, cert. den., 287 Ala. 740, 249 So.2d 860,. 861 (1971); Alexander v. Livingston, 206 Ala. 186, 89 So. 520 (1921).

It is therefore that we hold that the decree is erroneous in ordering a sale of the property.

Inasmuch as this cause must be reversed and remanded for the reason we have stated, and it further appears highly likely that certain questions will arise on the remand, we think we may prudently mention them at this time.

As pointed out in brief by appellee, Dees, the decree does not " \* \* \* ascertain and declare the rights, titles, and interests of all parties to such suit \* \* \*" as required by Tit. 47, § 188, Code of Alabama 1940 (Recompiled 1958).

■ Our cases do require that the decree of sale fix the time, place, and terms of sale, as such are held to be matters of importance and should not be left to the discretion of the register. Marshall v. Rogers, 230 Ala. 305, 160 So. 865 (1935).

Appellant Murphy also complains that the court failed to render an accounting between the parties. It is true that no reference [1] to the register or special master was made and that no detailed account was stated by the court.[2]

In McLeod v. Willard, 257 Ala. 672, 674, 60 So.2d 692, 693 (1952), this Court when faced with a similar situation, held, viz.:

"[1] We will first observe that although by the decree of the lower court the complainants were denied relief and the bill was dismissed, an accounting was actually undertaken between the parties, the testimony having been given *viva voce* in open court, with various exhibits being introduced. We have often observed that this is not the better practice, since 'matters of accounting should ordinarily be determined upon a reference to

---

1. See Rule 53, A.R.C.P., for the procedure applicable to "MASTERS" and "References" thereto.

2. See Rule 52, A.R.C.P., for the procedure as to "FINDINGS BY THE COURT."

the register or special master,' (Citations omitted.), and we are impressed that in this case it would have been best to have pursued the conventional method where on reference a proper statement of account of the partners with the partnership could have been made.

"* * * Although, as observed, this is usually not the better practice, there was no error in adopting this method. (Citations omitted.)

"[2] Another matter to be noticed before treating of the merits of the case is, the trial court stated no account between the parties, struck no balance and made no findings of fact, but, as stated, entered a decree merely denying relief and dismissing the complainants' bill. This was also somewhat irregular, since he was acting in the capacity of a register or special master in the matter of the accounting of the partnership, (Citation omitted.), and should have entered his findings in connection with the decree. * * * While irregular, we perceive no error to the prejudice of the complainants, though it does put this court to the necessity of elaborating somewhat to illustrate its views of the case."

The record in the instant case contains voluminous testimony and documentary exhibits as to both services and money contributed by both men. It is undisputed that the money contributed by Murphy far exceeds that contributed by Dees. Nevertheless, the decree orders the proceeds of the sale to be divided equally. Thus, it would appear that the trial court credited Dees with the value of his personal services.

■ The rights and liabilities of joint ventures and partners, to the extent the agreement contemplates the rendering of personal services by the parties, are the same. See 48 C.J.S. Joint Adventures § 8. As a general rule, a partner or joint venturer is not entitled to credit for his services absent an agreement for the same. See 48 C.J.S. Joint Adventures § 9; 68 C.J.S. Partnership § 94.

In the light of our reversal of this cause on other grounds, we will not undertake to review the matters of accounting as the Court did in *McLeod*, supra, and will make no determination as to whether the trial court was correct in crediting Dees with the reasonable value of his personal services. In view of the remand, however, we call the trial court's attention to the general rules governing the allowance of the reasonable value of personal services rendered by one of the partners to the partnership at 68 C.J.S. Partnership § 54.

■ Generally, each party is entitled to credit for expenditures made in the ordinary course of the enterprise. See 48 C.J.S. Joint Adventures § 11.

It also appears that, in the operation of this cattle farm, some tasks required more than the labor of one man at a time. To obtain such labor, there are tendencies of evidence to effect that Dees worked on the farms of neighbors, who in turn helped him in the operation of the parties' farm and that Dees cut, rowed, and baled hay on the farms of his neighbors on shares and that the hay so acquired was used in the parties' joint enterprise. Regardless as to whether Dees is entitled to compensation for his services rendered directly to the partnership, it may be that he is entitled to credit in the accounting for the reasonable value to the enterprise of the aforementioned efforts. This, and the other matters to which we have referred, we leave in the hands of the trier of fact, who having heard the testimony, will apply thereto the legal principles to which we have alluded.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.