PER CURIAM.
This appeal involves a sale for division of land in Monroe County, Alabama, owned by the English family. This 160-acre tract of land was involved in the earlier case of English v. Brantley, 361 So.2d 549. (Ala.1978).
On October 17, 1977, a complaint was filed seeking to cut the timber from the land and divide the proceeds and then divide the land if possible between the owners. The plaintiffs also asked that the land be sold if it could not be equitably divided. Later plaintiffs decided they only wanted the timber cut and sold and the proceeds divided.
Ida Mae Barnes, who was an original defendant, filed an amended complaint on May 25, 1979, asking for a sale for division, naming herself as plaintiff and all the other parties as defendants. On August 7, 1979, the circuit court, after hearing evidence ore tenus, ordered that the lands in question could not be equitably divided and that a sale for division was necessary. He ordered a public sale of the property. Defendant-appellant filed a supersedeas bond to stop the land sale.
Appellant argues that the Alabama Partition Sale Statute Code, 1975, § 35-6-20, violated the due process and equal protection clauses because of the way it was used in this case. This point has been clearly settled in English v. Brantley, supra, which states:
Appellants also raise the issue of the constitutionality of Code of Ala., Tit. 47, § 186 (1940) (current version at § 35-6-20, Code 1975), which authorizes the circuit court to sell the property for division. Appellants claim that they have been denied due process of law because it was not shown at the trial level that the land could not be equitably divided in kind and because the plaintiff had testified he would accept the fair market value of his interest in the land.
The ore tenus rule applies to a trial court’s determination of whether land should be sold for division because it cannot be equitably partitioned in kind. Hicks v. Hicks, 348 So.2d 1368 (Ala.1977). The finding, of the circuit court that the property cannot be equitably divided in kind was supported by credible evidence and is not clearly erroneous. Section 186 did not prevent the appellants from purchasing the interest of the plaintiff prior to trial. This statute does not deny due process of law to appellees. It allows a co-tenant to force a sale for division only after proving the property cannot be equitably divided in kind. It provides a reasonable means of allowing all co-tenants maximum freedom in dealing with their interest in jointly owned property. [Emphasis added.]
Appellant next argues that there was insufficient proof, if any at all, that the *130 land could not be equitably divided. Raper v. Belk, 276 Ala. 371, 162 So.2d 465 (1964), states:
Partition of land between joint owners or tenants in common is a matter of right, but the alternative right to have land sold for division is statutory, and is conditioned upon averment and proof that the property cannot be equitably divided or partitioned among them. When this condition appears, the right to sell for division is a matter of right, but if this condition is not proven, no sale for division should be ordered.
Plaintiff-appellee Ida Mae Barnes testified she was familiar with the 160 acres of land known there in the Uriah community as the John English property. She testified the timber on the land was different because some of the timber growing in the ponds is gum and some of the timber not in marshy places is pine or some oak. She testified about ponds and structures located on the land. Ida Mae Barnes gave her opinion based on personal knowledge about the possibility of equitably dividing the land.
Q Do you have an opinion as to whether or not this 160 acres could be equitably divided in kind among the various joint owners-that is, by giving each a parcel of land?
A Yes, sir, I have an opinion.
Q All right.
A And my opinion is that it cannot be equitably divided.
Q And why is that, please?
A In my opinion, there is no way to divide equitably that parcel of land and give each person his or her fair share because some of it is in different types of land. Some is farming land, some is timber land, some is ponds, branch heads and so forth.
There is evidence in the record to support the findings of fact of the trial judge. The judgment is therefore due to be affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER, JONES, ALMON and EMBRY, JJ., concur.