PITTMAN, Judge.
This appeal arises from an action filed in the Elmore Circuit Court by Beverly Ann Ames, one of two owners of real property located in Elmore County, in which Ames alleged that the property could not be equitably divided and sought a judicial sale of the property and an equal division of the proceeds thereof. The other owner, Michael Aaron Griffith, who is Ames’s brother, answered the complaint and denied that the property could not be equitably divided; he further claimed that the parties’ brother held an equitable interest in the property. A guardian ad litem was appointed for the brother, who appeared in the action and disclaimed any interest in the property, whereupon Griffith withdrew his contention regarding the brother’s potential interest. After an ore tenus proceeding, at which the parties, Griffith’s wife, and an attorney versed in real-property law each testified, the trial court entered a judgment that, in pertinent part, (1) declared that a mobile home located on the property had become a fixture and (2) directed that the property be sold. Griffith appealed from that judgment following the denial of his postjudgment motion to alter, amend, or vacate the judgment; that appeal was transferred to this court pursuant to Ala.Code 1975, § 12-2-7(6).
The first two issues raised by Griffith concern the status of the mobile home located on the property. According to Griffith, the mobile home was improperly determined by the trial court to be a “fixture” such that it had merged with the real property made the basis of Ames’s action so as to become a component part thereof such that it would be subject to being sold and the proceeds therefrom divided between the parties. At trial, Griffith submitted into evidence several documents issued by the Alabama Department of Revenue indicating that the mobile home was a 1992-model Horton house trailer that had been titled in the name of the parties’ parents and had been conveyed by the parties’ mother (the survivor of the two parents) to Griffith alone via transfer of the former title certificate in 2007. Although the trailer was used by the parties’ parents as their residence dur *1222 ing their lifetimes and assessed for taxes as such, was connected to plumbing lines, and was the site of a number of semi-permanent improvements such as porches and additions, Griffith testified that he had had a new certificate of title issued in 2011 indicating his ownership.
Notwithstanding the actions of the parties’ parents to render the mobile home on the property at issue a semi-permanent feature of the property, we agree with Griffith that the record does not support the trial court’s fixture determination as a matter of law. This court recently held, in Green Tree-AL LLC v. Dominion Resources, L.L.C., 104 So.3d 177 (Ala.Civ.App.2011), that a manufactured home subject to Alabama title laws (i.e., one manufactured in 1990 or later), such as the mobile home placed on the subject property by the parties’ parents, “is personal property unless and until the certificate of title is canceled.” 104 So.3d at 177. That holding is consistent with the trial testimony of the real-estate attorney called as an expert witness in this case. That position is also consistent with Ames’s concession, in her appellate brief, that she “does not dispute that [Griffith] was given the mobile home by his mother and as such is free to remove the mobile home at any time he wishes.” As a result, we conclude that the trial court’s determination regarding the status of the mobile home as a component of the real property at issue was erroneous, and we reverse that portion of the judgment; on remand, the trial court is directed to delete from its judgment its findings regarding the nature of the mobile home so that Griffith will be able to exercise his sole ownership rights as to it.
The remaining issue concerns the trial court’s direction that the property at issue be sold. Under Alabama law, the right of a joint tenant or a tenant in common to have lands sold for division is statutory in nature, conditioned upon pleading and showing that the property at issue cannot be equitably divided. See, e.cj., Irons v. Le Sueur, 487 So.2d 1352, 1355-56 (Ala.1986). In this case, the trial court’s direction that the land at issue be sold implies a determination that the land cannot be equitably divided; such a determination need not, under our law, be express. See Murphy v. Dees, 293 Ala. 529, 532, 307 So.2d 1, 3 (1975). Further, “[t]he ore tenus rule” — under which the trial court’s judgment and implicit findings necessary to support it are clothed in a presumption of correctness — “applies to a trial court’s determination of whether land should be sold for division because it cannot be equitably partitioned in kind.” English v. Barnes, 387 So.2d 128, 129 (Ala.1980). We must thus consider whether the trial court’s judgment is supported by substantial evidence. See Shewbart v. Shewbart, 64 So.3d 1080, 1089 (Ala.Civ.App.2010) (citing Ala.Code 1975, § 12-21-12(a)).
In this case, the record reveals that the property at issue is a 2.56-acre lot located on McCain Road near the shoreline of Lake Martin, a large impoundment of the Tallapoosa River located in east-central Alabama. Although the property’s southeastern border, according to exhibits mapping the property boundaries and those of adjacent parcels, consists of approximately 283 feet of frontage along McCain Road, the shape of the lot, as one moves northwest, tapers as it approaches Lake Martin to a rough triangle leading to a point approximately 600 feet away from McCain Road, forming the shape of an obelisk. The northwest border of the lot, which is approximately 246 feet long, is close to the lake shoreline, proceeding from a slough in the south to a more open expanse of water as one moves north.
*1223 During her direct examination, Ames testified that she did not believe that the land at issue could be equitably divided in part because of the presence of the mobile home, which, as we have discussed, is movable personal property belonging to Griffith; presumably, Griffith could, if the property were partitioned rather than sold, move the mobile home to his allocated parcel. However, Ames also cited the shape of the property as a factor in her opinion. Although Ames did testify, during cross-examination, that she would view a division of the land “down the middle” as a fair division if she were offered the choice of which portion to select, that testimony does not foreclose the issue in the manner that Griffith has suggested. Rather, “[i]t was within the province of the trial court to consider the credibility of the witnesses, to draw reasonable inferences from their testimony and from the documentary evidence introduced at trial, and to assign such weight to various aspects of the evidence as it reasonably may have deemed appropriate.” Miller v. Associated Gulf Land Corp., 941 So.2d 982, 990 (Ala.Civ.App.2005) (emphasis added). The trial court could properly have inferred, as Ames suggests in her appellate brief, that the “equal” division of the property suggested by Griffith in his testimony, starting from a point in the middle of the property’s northwest boundary facing Lake Martin and proceeding back to McCain Road, would result in one parcel facing the main body of the lake and one parcel facing the slough. Griffith suggested no other proposed equitable-division basis, and the trial court could properly have determined from the testimony of Ames and the documentary evidence, as it implicitly did, that the shape of the property and its geographic location would not allow for an equitable partition on the basis proposed by Griffith. Thus, we cannot conclude that that portion of the trial court’s judgment ordering a judicial sale of the land at issue is not supported by the evidence.
Based upon the foregoing facts and authorities, we reverse that portion of the trial court’s judgment determining that the mobile home on the parties’ real property is a fixture; we remand the cause for that determination to be excised from the remainder of its judgment, which we affirm.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.