Rel: January 13, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2022-2023

————————————————

### SC-2022-0463

————————————————

**Jennie Zinn and Christopher Zinn**

**v.**

**Ashley Till**

**Appeal from Montgomery Circuit Court**
**(CV-19-901199)**

BRYAN, Justice.

Jennie Zinn and Christopher Zinn appeal from a judgment of the

Montgomery Circuit Court dismissing their complaint against Ashley

Till.  For the reasons explained below, we reverse the circuit court's judgment and remand this case for further proceedings.

Background

In their complaint, the Zinns allege the following.  In October 2017, the Zinns filed an adoption petition in the Elmore Probate Court ("the probate court") concerning an unborn child ("the child").  The child was born later that month, and the probate court subsequently entered an interlocutory adoption decree.  In November 2017, the Zinns filed an amended adoption petition, listing the child's name and providing the consent of the child's mother and purported father to the child's adoption.

On December 18, 2017, Till, an employee of the Alabama Department of Human Resources, submitted an acknowledgment letter to the probate court stating that there was no entry in the putative-father registry relating to the child.  See generally § 26-10C-1, Ala. Code 1975.  The next day, the probate court entered a final decree of adoption.

On January 25, 2018, Till submitted a corrected acknowledgment letter to the probate court, identifying an individual who was, in fact, listed in the putative-father registry regarding the child and stating that incomplete information had previously been provided "due to oversight

and neglect." The next day, the probate court vacated the final decree of adoption based on the corrected acknowledgment letter.

In June 2019, the Zinns commenced this action against Till, "solely in her individual capacity," and fictitiously named defendants. The Zinns' complaint contained three counts. Count one alleged negligence. Count two alleged wantonness. Count three did not include a similar label, but, among other things, alleged that the defendants had "acted willfully, maliciously, in bad faith, beyond their authority or under a mistaken interpretation of the law …." The Zinns' complaint sought awards of compensatory and punitive damages.

Till filed a motion to dismiss the Zinns' complaint. As grounds for her motion, Till argued that the Zinns' claims were barred by the doctrine of State-agent immunity and that Till's actions were not the proximate cause of the Zinns' injuries. The Zinns filed a response to the motion. On November 6, 2019, the circuit court entered an order granting Till's motion to dismiss regarding count one of the Zinns' complaint but denying the motion to dismiss regarding counts two and three.

Till later filed an answer to the complaint. The parties thereafter proceeded to conduct discovery, and various discovery-related issues

arose and were addressed by the circuit court over the course of the next two years.

On October 22, 2021, Till filed a second motion to dismiss the Zinns' remaining claims. In support of that motion, Till argued only that the circuit court lacked jurisdiction over the Zinns' remaining claims because, Till said, those claims were barred by the doctrine of State immunity. The Zinns filed a response in opposition to that motion to dismiss. Till filed a reply to the Zinns' response.

After conducting a hearing, the circuit court entered an order on March 3, 2022, granting Till's motion to dismiss the Zinns' remaining claims.[1] In so doing, the circuit court reasoned that the Zinns' claims were barred by the doctrine of State immunity and, alternatively, the doctrine of State-agent immunity.

---

[1]The Zinns did not substitute parties in place of the fictitiously named parties set out in their complaint. Consequently, the circuit court's judgment disposing of all the claims asserted against Till was a final judgment. "Under Rule 4(f), [Ala. R. Civ. P.,] service on the other defendants must be completed, not merely attempted, before it can be said the pending action involves other active defendants." Owens v. National Sec. of Alabama, Inc., 454 So. 2d 1387, 1388 n.2 (Ala. 1984). See also Ex parte Harrington, 289 So. 3d 1232, 1237 n.5 (Ala. 2019)("A judgment that disposes of fewer than all the defendants is final when the defendants as to whom there has been no judgment have not yet been served with notice.").

4

The Zinns filed a postjudgment motion requesting, among other things, that the circuit court enter an order clarifying that it had not treated Till's second motion to dismiss as a summary-judgment motion. The Zinns noted that, although the parties had conducted discovery, Till had not attached any evidentiary materials in support of her second motion to dismiss. The circuit court thereafter entered an order stating, among other things: "To be clear, the Court granted [Till's m]otion to [d]ismiss based solely upon the pleadings and applicable law." The Zinns appealed.

Standard of Review

The parties generally agree regarding the appropriate standard of review. "On appeal, a dismissal is not entitled to a presumption of correctness." Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993). If the complaint states a claim "under a provable set of facts upon a cognizable theory of law ..., then it should not have been dismissed." Childs v. Mississippi Valley Title Ins. Co., 359 So. 2d 1146, 1146 (Ala. 1978). "In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail." Nance, 622 So. 2d at 299. "In considering whether a complaint

5

is sufficient to withstand a motion to dismiss, this Court must accept the allegations of the complaint as true." Creola Land Dev., Inc. v. Bentbrooke Hous., L.L.C., 828 So. 2d 285, 288 (Ala. 2002).

## Analysis

On appeal, the Zinns argue that the circuit court erred by dismissing their claims on immunity grounds. In response, Till appears to concede that, under the applicable standard of review, the circuit court's judgment should be reversed.

On appeal, Till asserts that her second motion to dismiss was predicated on the doctrine of State immunity, as set forth in this Court's decisions in Barnhart v. Ingalls, 275 So. 3d 1112 (Ala. 2018), and Ex parte Cooper, [Ms. 1200269, Sept. 30, 2021] ____ So. 3d ____ (Ala. 2021). Regarding claims like those asserted by the Zinns against Till, Till states that this Court's recent decision in Ex parte Pinkard, [Ms. 1200658, May 27, 2022] ____ So. 3d ____ (Ala. 2022), overruled the applicable aspect of "Barnhart and its progeny … holding that [s]overeign[, i.e., State, i]mmunity does not apply to … individual-capacity claims." Till's brief at 6. Therefore, Till appears to agree that, taking the allegations of the

Zinns' complaint as true at this juncture, State immunity does not clearly bar the Zinns' claims against her under this Court's current precedent.

Till also states: "[T]he issue of State-agent immunity is not jurisdictional and should be addressed in this matter upon a motion for [a] summary judgment." Till's brief at 7. See Ex parte Alabama Dep't of Mental Health & Mental Retardation, 837 So. 2d 808, 813-14 (Ala. 2002)("[A] motion to dismiss is typically not the appropriate vehicle by which to assert ... State-agent immunity[,] and ... normally the determination as to the existence of such a defense should be reserved until the summary-judgment stage, following appropriate discovery.").

As explained above, Till moved to dismiss count one of the Zinns' complaint based on State-agent immunity, and the circuit court cited State-agent immunity as an alternative ground for dismissing counts two and three of the complaint. On appeal, Till's statement that the issue of State-agent immunity should be resolved via a motion for a summary judgment does not distinguish between any of the counts set forth in the Zinns' complaint. Therefore, it appears that Till agrees that none of the counts set forth in the Zinns' complaint should have been dismissed based on the doctrine of State-agent immunity. Thus, insofar as the circuit

7

court's judgment dismissing each count of the complaint was based on the doctrine of State-agent immunity, the parties appear to agree that the judgment is due to be reversed regarding each count.

Accordingly, because the parties appear to agree concerning the appropriate disposition of this appeal, the circuit court's judgment dismissing the Zinns' complaint is hereby reversed regarding each count, and this case is remanded for further proceedings.

REVERSED AND REMANDED.

Wise, Sellers, Mendheim, and Stewart, JJ., concur.

Shaw, J., concurs in the result, with opinion.

Mitchell, J., concurs in the result, with opinion, which Parker, C.J., and Bolin, J., join.

SHAW, Justice (concurring in the result).

I respectfully concur in the result. I write specially to note the following.

I do not believe that State immunity can <u>never</u> bar claims against State agents when such claims are merely pleaded in the form of individual-capacity claims. <u>Ex parte Pinkard</u>, [Ms. 1200658, May 27, 2022] ___ So. 3d ___, ___ (Ala. 2022) (Shaw, J., concurring in the result) (stating that this Court may recognize when a "barred official-capacity claim for damages [is] masquerading as an individual-capacity claim"). Additionally, although apparently not applicable in this case, it may be possible to dispose of a claim subject to a State-agent-immunity defense by a motion to dismiss under Rule 12(b)(6), Ala. R. Civ. P. See <u>Ex parte Scannelly</u>, 74 So. 3d 432, 439 (Ala. 2011) (noting that "some affirmative defenses … may be readily apparent from the face of the complaint" and thus may be properly raised in a Rule 12(b)(6) motion to dismiss). Finally, although I do not read the main opinion as stating otherwise, the fact that an appellee concedes that a reversal is required, or does not defend a trial court's judgment, does not always mean that this Court must reverse that decision. See <u>Reagan v. Alabama Alcoholic Beverage</u>

9

Control Bd., 339 So. 3d 211, 217 (Ala. 2021) (noting that the appellant "has the burden of demonstrating that the trial court erred to reversal"), and Ex parte CTB, Inc., 782 So. 2d 188, 191 (Ala. 2000) (holding that this Court can "affirm the judgment of the trial court if that judgment is supported by any valid legal ground, even if that ground was not argued before … this Court"). Nevertheless, I agree with the main opinion that the trial court's judgment is due to be reversed.

MITCHELL, Justice (concurring in the result).

I agree with the main opinion that the judgment should be reversed, but for a different reason. As the main opinion recognizes, the applicable standard of review is whether, based on the pleadings, the plaintiffs "may possibly prevail." Nance v. Matthews, 622 So. 2d 297, 299 (Ala. 1993). Instead of applying that standard, however, the main opinion concludes that reversal is proper because "the parties appear to agree concerning the appropriate disposition of this appeal." ___ So. 3d at ___. In my view, the fact that the parties agree on a point of law does not establish that the point is correct. Cf. Boss Livery Co v. Griffith, 17 Ala. App. 474, 475, 85 So. 849, 849 (1920) ("Consent or agreement of the parties cannot oust a court of its appellate jurisdiction, or limit the principle of decision by excluding certain legal considerations which may be pertinent to the issue.").

When we hinge the outcome of this case on the law -- not the parties' agreement about the law -- the case comes out the same. Accepting "the allegations of the complaint as true," Creola Land Dev., Inc. v. Bentbrooke Hous., L.L.C., 828 So. 2d 285, 288 (Ala. 2002) (emphasis omitted), Jennie and Christopher Zinn have shown that they may

11

possibly prevail. <u>Nance</u>, 622 So. 2d at 299. The Zinns properly asserted claims for negligence and wantonness, and it is not "'beyond a doubt that [they] can prove no set of facts entitling [them] to relief.'" <u>Patton v. Black</u>, 646 So. 2d 8, 10 (Ala. 1994) (citation omitted). Moreover, State immunity cannot bar a complaint against Ashley Till in her individual capacity unless the complaint substantively attacks a State financial or property right, which the complaint filed by the Zinns does not do. <u>See</u> <u>Ex parte Pinkard</u>, [Ms. 1200658, May 27, 2022] ___ So. 3d. ___ (Ala. 2022). Finally, the pleadings here are insufficient to assess whether State-agent immunity bars the Zinns' claims. <u>See</u> <u>Ex parte Alabama Dep't of Mental Health & Mental Retardation</u>, 837 So. 2d 808, 813-14 (Ala. 2002). For these reasons, I agree that the Zinns' claims were improperly dismissed, and I concur in the result.

Parker, C.J., and Bolin, J., concur.